HARDY, Judge.
This is a suit in which plaintiff seeks judgment in the sum of $153.05 alleged to represent the cost of labor and materials furnished in painting the residence and garage of defendant. Plaintiff also seeks recognition and maintenance of his laborer’s lien and privilege on the property owned by defendant. The answer of defendant generally denied the allegations of plaintiff’s petition and, by way of an affirmative defense, alleged breach of contract on the part of plaintiff and consequent damages for which defendant reconvened in the sum of $141.00. After trial there was judgment in favor of defendant rejecting plaintiff’s demands and further judgment rejecting defendant’s re-conventional demand. Plaintiff has appealed and defendant has answered the appeal.
The established facts show that defendant, the owner of certain described residential property in the City of Shreveport, entered into an oral contract with plaintiff, a painting contractor, under which it was agreed that plaintiff would scrape and sand defendant’s residence and garage, putty the cracks and apply two coats of outside paint, plaintiff to furnish all labor and materials for a total fixed price of $160.00.
On a Monday morning subsequent to the making of the agreement between the parties, plaintiff sent two negro laborers to defendant’s residence to begin the work, which was continued intermittently, subject to necessary cessation of work on account of inclement weather, until the following Thursday. Early in the afternoon on Thursday defendant, after an inspection of the work, called attention to the fact that the old paint apparently had not been properly scraped before the application of the first coat. At the time the workmen were preparing to begin the application of the second coat. Defendant was dissatisfied with the appearance of the work and with the failure to properly scrape and sand the old paint. He advised the workmen that he wished to discuss the matter with plaintiff and immediately began trying to get in touch with plaintiff. After the expression of defendant’s dissatisfaction the workmen left the job and did not return. The next day plaintiff appeared at defendant’s residence and a discussion ensued with respect to defendant’s complaints. At about the same time plaintiff observed another painting contractor who drove up to defendant’s residence, and, assuming that defendant had called him for the purpose of undertaking the completion of the outside paint job, after declaring that he would be unable to please defendant, plaintiff walked off the job and did not return, despite defendant’s request that he complete the work.
It developed from testimony on trial of the case that the second contractor was calling at plaintiff’s residence to discuss some inside painting and it was pure coincidence that he arrived at a time when plaintiff and defendant were discussing their differences.
As a result of plaintiff’s failure and refusal to complete his work, defendant was forced to employ another contractor, to whom he paid the sum of $256.00 for doing the work on his residence, which plaintiff had contracted to perform. Additionally, defendant alleges that the expenditure of the further sum of $45.00 will be necessary for the painting of the garage, making a total expenditure of $301.00. By reason of this fact defendant *830 -claims that he has been damaged to the extent of $141.00, that is, the difference between plaintiff’s contract price and the actual expenditure by defendant.
Plaintiff relies upon the contention that defendant actively prevented the completion of the contract by his actions, as plaintiff alleges, in ordering his workmen off the job and refusing to permit its completion. We do not think this position accords with the established facts. Unquestionably defendant was dissatisfied with the nature of the work, and we think justly so, judging from the evidence adduced in support of his position. Defendant did not order the workmen off the job but very reasonably requested them to discontinue work until he could talk to their employer, the contractor, who was responsible for the job. It is equally well •established that plaintiff was overhasty in his action in quitting the job, and the fault for failure to complete the work, accordingly, must be charged to his ill-advised conduct.
We concede the soundness of the authorities cited in support of plaintiff’s position to the effect that one who prevents the completion of a contract must bear the responsibility therefor, but, as we have observed above, the clearly established 'facts in the instant case remove it from such a category.
Inasmuch as defendant received no benefit whatsoever from either the work ■or materials supplied by plaintiff, we do not ifeel that he is obligated for payment therefor.
With respect to defendant’s re-conventional claim, we do not believe he is entitled to the relief sought. The record does not establish the fact that the expenditure of $301.00 was necessary; and, apparently, defendant made no real effort to procure the completion of the work at ;a lower figure.
There are equitable considerations involved which indicate that since both parties to the unfortunate experience have been penalized in approximately equivalent amounts, neither should be permitted to recoup his losses at the expense of the other.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.