399 P.2d 642

**PLAINS WHITE TRUCK COMPANY, Inc.,**
**Plaintiff-Appellant,**

v.

**R. W. STEELE, Defendant-Appellee.**

**No. 7493.**

Supreme Court of New Mexico.

Feb. 8, 1965.

Rehearing Denied March 23, 1965.

Smith, Smith & Tharp, Clovis, for appellant.

Dan B. Buzzard, Clovis, for appellee.

CHAVEZ, Justice.

Plaintiff-appellant appeals from a judgment dismissing its complaint and allowing defendant-appellee's cross-complaint in the amount of $278.09.

Twice in September 1959, appellee, a resident of Clovis, New Mexico, took his diesel truck to appellant's shop in Lubbock, Texas, and arranged for its repair. The repair bill amounted to $1,194.61 and appellant sued to recover this amount. The two jobs were performed under written repair orders signed by appellee. Appellee's answer admitted that appellant had worked on appellee's truck, but denied that he was indebted to appellant. By cross-complaint, appellee alleged that appellant, while attempting to repair appellee's truck, "jammed the diesel motor by attempting to start it with oil on top of the pistons which resulted in bending of the piston rods," thereby damaging appellee in the sum of $1,598.71.

The trial court found that appellant did certain work on appellee's diesel truck and that said work was negligently and carelessly performed; that as a proximate result of the negligent performance of appellant's agents, servants, or employees, appellee was unable to obtain any service from the diesel truck; and that appellee was required to spend $278.09 in correcting the damage that proximately resulted from said negligent performance. The trial court concluded that appellee was entitled to recover $278.09 from appellant.

Under its first and second points, appellant contends that the trial court erred in refusing to find that appellee was indebted to appellant in the sums of $1,118.71 and $75.90, reduced by $278.09 found to be due on appellee's cross-complaint.

Appellee asserts that appellant's complaint and its answer to the cross-complaint presented no issue to the trial court of partial performance, unjust enrichment, or quantum meruit, and that appellant, now admitting that it was negligent, seeks to recover upon a theory never plead or urged upon the trial court and that such new theories cannot be considered on appeal.

In the trial court appellant simply contended that he performed certain repairs and was entitled to payment and, in answer to the cross-complaint, appellant denied any damages suffered by appellee as a result of the repairs. Now, in this court, appellant admits his negligence and resulting damages which the trial court allowed appellee on the cross-complaint. This is the only difference between appellant's assertions in the trial court and here on appeal. No new theory is presented here. Appellant bases his right to recover on the contract and, in addition, he admits appellee has a right to recoupment. The error asserted is identical to the relief sought in the trial court. The complaint sought recovery of the value of the labor and services performed, and the point for reversal is that the trial court erred in not allowing a recovery for the labor and services, less the now admitted damages to appellee.

In appellant's complaint there are no allegations of substantial performance, but this would not bar a recovery on that theory if the issues are found in his favor. It is, therefore, not an error to omit an allegation of substantial performance so long as the allegations show appellant is entitled to relief. Section 21–1–1(8) (a) (2) (3), N.M.S.A., 1953 Comp. Despite appellant's assertions that the trial court erred, it is apparent that there was no error and the complaint was properly dismissed.

Regarding the parties' dispute as to what appellant was to do to appellee's truck, appellee testified that he did not specify any particular method of repair, but told appellant that the busy season was approaching and he wanted the truck to run. Appellant's foreman testified that appellee specifically told him the repairs needed and made out a written repair order to that effect. There is no dispute that appellee did bring the truck to appellant to have it repaired so that it could be used to haul cattle. Regardless of the contract, the trial court found that the repair work was negligently and carelessly performed and that, as a proximate result of the negligent performance of appellant's agents, servants and employees, appellee was unable to obtain any service from said diesel truck,

**4**

and appellee was required to spend $278.09 in correcting the damage. Appellant admits there is substantial evidence to support this finding. There is no dispute that the bills submitted by appellant represented the usual and customary charges for like services and parts.

■ As a preliminary point, appellant points out that the trial court was inconsistent in its findings, as shown by the court's comments at the close of the trial, that the issues would be found in favor of appellant. The record shows that, notwithstanding the trial court's comments at the close of the trial, he refused to enter the findings of fact and conclusions of law requested by appellant, and rendered a decision incorporating the findings that the repair work done by appellant was negligently and carelessly performed; that as a result appellee was unable to obtain any service from his diesel truck; and that appellee was required to spend $278.09 in correcting the damage that resulted from said negligent performance. It is the trial court's final findings of fact and conclusions of law which are controlling, and not its informal statements and opinions made during the trial. Edwards v. Peterson, 61 N.M. 104, 295 P.2d 858; Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740.

■ It is appellant's contention that the trial court may not disregard the un-controverted evidence that it did furnish parts and labor to repair appellee's truck, and that the reasonable value for such parts and labor was $1,194.61, which sum, less the amount of $278.09 found due appellee on his counterclaim, appellant was entitled to receive. Appellant cites Brown v. Cobb, 53 N.M. 169, 204 P.2d 264, as authority for this contention. It is true that generally a trial court may not disregard uncontradicted evidence on a material issue. However, in the instant case, the rule has no application. Conceding that the repairs were attempted, appellant was not entitled to a judgment because of its negligent performance. Appellee, on the other hand, received no benefit from the negligent repair and the trial court found he was entitled to a net recovery. This is the result we reach when we construe the findings liberally so as to support the judgment, as we are required to do. Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131.

The trial court found that appellant did certain work on appellee's truck and nowhere in the decision is there any intimation that services and labor were not performed on appellee's truck by appellant. Instead, the court found that, since said labor and services were performed carelessly and negligently, appellee could not obtain any service from the truck. The trial court concluded that appellant breached its duty to do a reasonable, workman-

like job and was negligent and, therefore, was not entitled to recover on its complaint. This is not a disregard of the evidence showing labor and services performed. It is a statement of further matters which avoid the liability of appellee on the alleged debt, even though such service was rendered by appellant.

In Andriola v. Milligan, 52 N.M. 65, 191 P.2d 716, the plaintiff recovered damages against a driller for breach of an agreement to dig a water well. The driller dug the well in an unworkmanlike manner and plaintiff was required to abandon the well because it could not be used and dig another well nearby. The plaintiff was allowed to recover the entire amount he had paid the driller on the contract. In reversing the lower court judgment because of error in calculating the damages, this court stated:

"* * * If it [the well] had been left so that it could have been utilized for drilling deeper, its worth for that purpose could have been enjoyed by plaintiff and he probably would have been liable for the work up to that point, but it was not so left. It was totally destroyed, as much so as if it had never been sunk at all. Therefore, we think the plaintiff was at the very least entitled to recover what he had expended for labor and material, plus the cost of the old hole, up to the time it was abandoned by the defendant. * * *"

In the instant case the work and materials furnished by appellant were of no value to appellee.

In 5 Williston on Contracts, 3d Ed., § 805, pp. 842, 849, the author states:

"'The rule of substantial performance of building and similar contracts, where of necessity the owner of the land upon which the structure is built retains the whole benefit of the labor and material furnished in the erection thereof * * * is this: Where a contractor has in good faith made substantial performance of the terms of the contract, but there are slight omissions and defects, which can be readily remedied, so that an allowance therefor out of the contract price will give the other party in substance what he bargained for, the contractor may recover the contract price, less the damages on account of the omissions. But the rule does not apply where the deviations from the contract are such that an allowance out of the contract price would not give the other party essentially what he contracted for.'

"* * *

"Where the rule of substantial performance prevails it is essential that the plaintiff's default should not have been willful; and the defects must not

**6**

be so serious as to deprive the property of its value for the intended use nor so pervade the whole work that a deduction in damages will not be fair compensation."

In Mitchell v. Holder (La.App.1951) 51 So.2d 828, plaintiff brought an action to recover for labor and materials furnished in painting defendant's home. Defendant, by answer, denied plaintiff's petition, affirmatively alleged breach of contract, and asked for consequential damages on the part of plaintiff, for which defendant reconvened in the sum of $141.00. The court rejected plaintiff's demands and further rejected defendant's reconventional demand. Plaintiff's workmen were to scrape and sand the old paint and then paint defendant's home. The old paint apparently had not been properly scraped before the first coat was applied and the paint job was unsatisfactory. Due to another circumstance not important here, plaintiff did not complete the contract. The court said:

"Inasmuch as defendant received no benefit whatsoever from either the work or materials supplied by plaintiff, we do not feel that he is obligated for payment therefor."

Applying the rules set forth above, it is apparent that appellant cannot recover from appellee the reasonable value of the services rendered. Appellant contracted to repair the truck so that appellee could continue in his business of hauling cattle. When appellant finished his repair job the truck was not fit for its intended purpose of hauling cattle. The repair job was not done in a workmanlike manner and a reduction of appellant's bill by appellee's damages would not give appellee what he contracted for. The negligence and carelessness of appellant amounted to more than slight omissions and defects and could not be easily remedied. Appellant's work was a substantial deviation from what any ordinarily careful garage would perform, and from what any prudent owner would expect.

Lastly, appellant has not shown, nor is it evident, that appellee received any benefit from the work done on the truck because the truck could not be used. In the light of these facts it is evidence that appellant has not substantially performed the contract and is entitled to no recovery.

There being no error, the judgment is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.