403 P.2d 690

**Ralph D. NEVINS, Plaintiff-Appellee,**

**v.**

**Edith June Williams NEVINS, Defendant-Appellant.**

**No. 7548.**

Supreme Court of New Mexico.

June 14, 1965.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellant.

Schaber & Arthur, Deming, for appellee.

CARMODY, Chief Justice.

The wife, who was the defendant below, appeals from that part of a divorce decree which refused to grant her an interest in certain property claimed to be that of the community.

The parties, both of whom had been married before, lived together for slightly less than three years. At the time of the marriage, the husband owned a bar, together with its license, stock of merchandise, fixtures and equipment. He also owned a house in Deming subject to a mortgage, and a 1959 Oldsmobile. The defendant had only a car, which she later sold. For about two years, the husband operated the bar with

some help from his wife. The bar had a bank account, out of which were paid the bar expenses including replenishment of liquor stock, the living expenses of the parties, and, for ten months, the mortgage payments on the house in the sum of $109.00 per month. About two years after the parties were married, the husband sold the bar for a total price of $16,300.00, payable at the rate of $400.00 per month. After the receipt of four payments, the husband then sold the balance of the contract and all of the funds received were placed in a joint bank account in Deming, the account being in the names of the husband, the wife, and the husband's son by a former marriage. At about this time, the parties moved to Kansas and the husband purchased a farm, taking the deed in his own name. A few months later, the house on the farm burned and the husband collected the insurance proceeds on the house and its furniture. Thereafter the parties separated, the husband sold the farm and returned to New Mexico, leaving with the wife some old furniture and the new furniture purchased with the insurance money. He also transferred to the wife title to the 1959 Oldsmobile and left $650.00 in the Kansas bank account for her use.

The trial court concluded, in effect, that there was no community property to be divided and that, even though there might be a community interest in the mortgage payments, the value of the property left with the wife exceeded this amount.

In essence, the wife asserts that, as a result of the commingling of the husband's separate property with that claimed to be community, the husband failed to prove, by a preponderance of the evidence, that the property remaining was his separate property. This argument is founded upon the fact that the wife worked part time in the bar and that the husband's earnings from the bar were attributable to his personal activities and therefore community property. Great reliance is placed upon Laughlin v. Laughlin, 1944, 49 N.M. 20, 155 P.2d 1010; Jones v. Jones, 1960, 67 N.M. 415, 356 P.2d 231; and Campbell v. Campbell, 1957, 62 N.M. 330, 310 P.2d 266. Admittedly, there are in these cases statements which, when read out of context and if taken without consideration of the facts of those cases, would seem to support the wife's argument. However, the cited cases are factually so different that any extended discussion is deemed unnecessary. The difficulty in the instant case is that there was little proof of the value of all of the husband's separate property at the time of the marriage, thus making it difficult to determine whether there was an increase or a loss in value during the short period of marriage. The only testimony before the court was that of the husband, the wife not seeing fit to testify; and, from the limited testimony, the trial court determined that the value of the busi-

ness declined and that part of the husband's separate property was consumed in the operation of the business and for the living expenses of the community.

■ Although these findings are in some ways attacked, there was substantial evidence, or reasonable inferences drawn from the evidence adduced, which would amply support the findings. We recognize that the opinion of the trial court is not a part of the findings; nevertheless we may resort to it to explain inconsistent, indefinite or ambiguous findings, or to explain the trial court's theory. See Mosley v. Magnolia Petroleum Co., 1941, 45 N.M. 230, 114 P.2d 740, opinion of Justice Brice at 45 N.M. 240, 114 P.2d 744 and dissenting opinion of Justice Sadler at 45 N.M. 272, 114 P.2d 761; and Plains White Truck Co. v. Steele, 1965, 75 N.M. 1, 399 P.2d 642. In this connection, the district judge prepared and filed a formal opinion in the case prior to the making of findings and conclusions. This opinion contains a complete review of the testimony and, in addition, the judge's careful analysis of the cases concerning community property. This opinion concluded as follows:

"In considering the evidence as a whole in this case, I would conclude that the parties have not only consumed any community funds acquired during the marriage but have also consumed separate funds of the Plaintiff. After March, 1962, the Plaintiff has successfully shown that all property acquisitions were made from separate funds traceable to the proceeds from the bar business sale.

"Accordingly, I hold that there is no community property to divide, and that the funds used as payments on the house on Buckeye Street, even if community funds, are more than offset by the expenditure of separate funds for living expenses and other items of property left in the possession of the Defendant."

■ After a careful and painstaking review of the testimony, we agree with the determination of the trial court, that there was no community property to be divided. Even though there was perhaps some comingling, we are satisfied that the husband, by a preponderance of the evidence, overcame the presumption of community ownership. Shanafelt v. Holloman, 1956, 61 N.M. 147, 296 P.2d 752; and Campbell v. Campbell, supra. In any event, there was no showing whatsoever that the community earnings were in excess of the community expenses. Compare, Campbell v. Campbell, supra.

■■ The wife also asserts error on the part of the trial court in certain of its findings and conclusions, and in its failure to adopt findings and conclusions requested by the wife. Although there may be minor errors in the findings as made by the trial

252

court, nevertheless the result reached was proper and the judgment should stand. See Paulos v. Janetakos, 1939, 43 N.M. 327, 93 P.2d 989; and Evans v. Evans, 1940, 44 N.M. 223, 101 P.2d 179. In this connection, we would observe, contrary to the wife's contention, that the joint income tax return, which was received in evidence, is only evidence to be weighed by the court and does not of itself conclusively establish that certain property was that of the community. See Campbell v. Campbell, supra.

■ One final matter needs to be mentioned. The wife argues that, under the authority of Conley v. Quinn, 1959, 66 N.M. 242, 346 P.2d 1030, the two annual liquor licenses received during marriage became a new estate and were presumptively community property. In Conley, the trial court determined that the renewal fee had been paid with separate funds. In such a situation, the annual lease remained separate property, just as would a renewal of a liquor license if the same were paid for out of separate funds. As a matter of fact, the situation here, involving a liquor license, presents even a stronger case for the result reached in Conley than was present with reference to the state lease. The holder of a state lease has only the privilege of renewal subject to competitive bidding, whereas a liquor licensee has an absolute right of renewal providing he meets the qualifications under the statute. See § 46–5–16, N.M.S.A. 1953.

There is no merit to the errors claimed by the wife and the judgment should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.