405 P.2d 932

**Ruby Dorothy THAXTON, Plaintiff-Appellee,**

v.

**Jack La Noue THAXTON, Defendant-Appellant.**

**No. 7630.**

Supreme Court of New Mexico.

Sept. 20, 1965.

Ernest A. Polansky, Joseph G. White-house, Keleher & McLeod, Russell Moore, Albuquerque, for appellant.

Charles E. Barnhart, Albuquerque, for appellee.

CHAVEZ, Justice.

Jack La Noue Thaxton, defendant below, appeals from the decree of the district court in a divorce suit instituted by plaintiff-appellee, Ruby Dorothy Thaxton. The appeal is from that part of the divorce decree which awarded appellee one-half of the U. S. Series "E" bonds which appellant and his deceased father had owned as joint tenants. The bonds were purchased prior to the death of E. E. Thaxton in the name

of "E. E. Thaxton or Jack L. Thaxton, Joint Tenants." The trial court found that appellant contributed one-half of the purchase price of the savings bonds with earnings of appellant which accrued while he and appellee were married, and concluded that one-half of the bonds were community property. The trial court also concluded that appellee owned an undivided one-fourth interest as her portion of the community contribution toward the purchase of the bonds; and that appellee should receive as alimony $500 per month for 14 months, and then, in lieu of further alimony, she should receive another one-fourth interest in said bonds.

Appellee and appellant were married May 14, 1949, and lived together until May 6, 1963, when appellee filed suit praying for a divorce, for a division of the community property, for alimony and attorney's fees.

Appellant's first point is that the trial court erred in failing to adopt appellant's requested findings of fact Nos. 4, 5, 6 and 10, and to adopt appellant's conclusions of law Nos. 1, 2 and 3. The second point is that the trial court erred in finding that a one-half interest in the U. S. Series "E" bonds was community property. The substance of these two points and the requested findings of fact and conclusions of law is that appellant did not contribute to the purchase of the bonds, which were purchased by his father and were a gift to appellant; that, upon his father's death, they became the sole and separate property of appellant; and that appellee had no interest in the bonds. Appellant argues that there is not substantial evidence to prove that any community funds went into the purchase of the bonds in question.

■ It is a familiar rule in this court that, on appeal, we will consider only that testimony which supports the trial court's judgment, and will reject any conflicting testimony in determining whether that judgment is supported by substantial evidence. Perkins v. Drury, 57 N.M. 269, 258 P.2d 379; Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339.

■■ In New Mexico property acquired after marriage by the husband is presumed to be community property, and the party asserting the separate character of the property has the burden of going forward with the evidence and establishing separate ownership by a preponderance of the evidence. On appeal the question of whether the presumption has been overcome depends on whether there is substantial evidence to support the findings of the trial court. Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266; Conley v. Quinn, 66 N.M. 242, 346 P.2d 1030.

In Campbell v. Campbell, supra, after discussing our precedent on the question of presumptions, we stated:

"Adhering, then, to the principles of these cases, it may be said that when

evidence in the case casts doubt upon the issue, a finding of community ownership will be upheld as supported by substantial evidence. In counterpart, when the evidence of separate ownership is clear and no evidence aside from the presumption exists to the contrary, circumstantial or otherwise, a finding of community ownership should be overturned upon appeal as not supported by substantial evidence."

Appellee testified that appellant came home several times and told her "I bought some bonds today," and that they were purchased in the names of Dr. E. E. Thaxton and J. L. Thaxton; that the bonds were a joint family endeavor; and that there was no indication by appellant and his father that the bonds were the sole and separate property of anyone. There was further testimony by appellant that some money could have been available to him as a result of depreciation taken in the partnership and, if such money was available to him, he did not know where it went.

The only testimony to rebut the presumption of community property was by appellant himself, who testified he used none of his own money in the purchase of the bonds, although he did testify that he might have purchased three or four bonds. Mrs. Ethel Thaxton, appellant's mother, also testified that her husband had income from dividends and social security, in addition to that received from the practice, and that this could have been the source of the money for purchasing the bonds.

In view of appellee's testimony and the presumption favoring community property, as well as the absence of evidence rebutting this presumption other than the above testimony of appellant and his mother, we hold the trial court's judgment, that community funds were used to purchase the bonds and a one-half interest in the bonds was community property, is supported by substantial evidence. See Clark, Presumption in New Mexico Community Property Law: The California Influence, 25 So. Cal.L.Rev. 149, 160. We note the argument concerning the distinction between property acquired by onerous title and that acquired by lucrative title. The finding and conclusion here being in effect that the bonds were acquired by "onerous" title, this argument avails appellant nothing.

Appellant's third point is that the trial court erred in giving any part of said Series "E" bonds, either by way of community property or as alimony, to appellee since such bonds were the sole and separate property of appellant.

Reserving the question raised by appellant regarding the alimony, we turn first to the contention that the bonds were the separate property of appellant. Two recent decisions of the United States Supreme Court are cited by the parties, Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180; and

Yiatchos v. Yiatchos, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724.

In Free v. Bland, supra, Series "E" bonds were issued to a husband and wife in Texas. The bonds were purchased with community funds and the husband and wife were designated as alternative co-owners, that is, as "Mr. or Mrs." After the wife's death the husband claimed exclusive ownership of the bonds by reason of Treasury Department Regulation 31 CFR § 315.61, providing that the survivor will be recognized as the sole and absolute owner. However, a son of the deceased wife by a former marriage, as the principal beneficiary under the will, claimed an interest in the bonds by virtue of the community property law of Texas. The Supreme Court of the United States, in reversing the supreme court of Texas, held that the co-owner of the bonds who survives the other co-owner is the sole owner of the bonds, and that the Texas community property law, which in effect prohibited a married couple from taking advantage of the survivorship incident to the bonds, is pre-empted by the federal regulations in view of the supremacy clause of the Constitution of the United States. The court stated:

"Article I, Section 8, Clause 2 of the Constitution delegates to the Federal Government the power '[t]o borrow Money on the credit of the United States.' Pursuant to this grant of power, the Congress authorized the Secretary of the Treasury, with the approval of the President, to issue savings bonds in such form and under such conditions as he may from time to time prescribe, * * *. Exercising that authority, the Secretary of the Treasury issued savings bonds under regulations which provided, *inter alia,* that the co-owner of a savings bond issued in the 'or' form who survives the other co-owner 'will be recognized as the sole and absolute owner' of the bond, 31 CFR § 315.61, and that '[n]o judicial determination will be recognized which would * * * defeat or impair the rights of survivorship conferred by these regulations,' 31 CFR § 315.20. The Treasury has consistently maintained that the purpose of these regulations is to establish the right of survivorship regardless of local state law. * * * The clear purpose of the regulations is to confer the right of survivorship on the surviving co-owner. Thus, the survivorship provision is a federal law which must prevail if it conflicts with state law. * * *

"The success of the management of the national debt depends to a significant measure upon the success of the sales of the savings bonds. The Treasury is authorized to make the bonds attractive to savers and investors. One of the inducements selected by the

Treasury is the survivorship provision, a convenient method of avoiding complicated probate proceedings. Notwithstanding this provision, the State awarded full title to the co-owner but required him to account for half of the value of the bonds to the decedent's estate. Viewed realistically, the State has rendered the award of title meaningless. Making the bonds security for the payment confirms the accuracy of this view. If the State can frustrate the parties' attempt to use the bonds' survivorship provision through the simple expedient of requiring the survivor to reimburse the estate of the deceased co-owner as a matter of law, the State has interfered directly with a legitimate exercise of the power of the Federal Government to borrow money.

" * * *

"We hold, therefore, that the state law which prohibits a married couple from taking advantage of the survivorship provisions of United States Savings Bonds merely because the purchase price is paid out of community property must fall under the Supremacy Clause."

Two years later the United States Supreme Court followed its decision in Free v. Bland, supra, in Yiatchos v. Yiatchos, supra. In Yiatchos the purchaser of Series "E" bonds made the bonds payable to himself, or to his brother at his death, and used community property funds to make the purchase. The purchaser had also made a will naming his wife as executrix and bequeathing all of the cash and bonds owned by him at his death to his brother, sisters and a nephew. After the death of the purchaser, his brother brought suit to establish his title to the bonds under Treasury Department Regulation 31 CFR § 315.66, providing that upon the death of the registered owner the beneficiary will be recognized as the sole and absolute owner. The wife claimed that since the bonds were purchased with community funds they were community property upon decedent's death and must be divided accordingly. The Washington supreme court affirmed the trial court's decision, that the purchase of the bonds with community funds payable to the purchaser alone, or upon his death to his brother, was void *ab initio* as it was in fraud of the rights of the wife, and stated that deceased was under a fiduciary duty to manage the community funds for the benefit of the community, and that a breach of this duty gave rise to a constructive trust in favor of the wife. The United States Supreme Court held that, in accordance with Free v. Bland, supra, the brother was entitled to the bonds unless decedent committed fraud and, since Free v. Bland, supra, was decided after the facts in Yiatchos were stipulated by the parties in the trial court, then the wife should have an opportunity to allege and prove fraud by the decedent in purchasing the bonds with com-

munity funds and making his brother the only beneficiary. The court also mentioned that, under Washington law, the wife and decedent could have changed the status of the bonds bought by decedent by (1) an agreement to become effective at the death of one spouse; (2) by gift during lifetime; (3) consent by the wife of the gift to her husband's brother; or (4) the wife's ratification of such purchase. The court's sole reason for reversal and remand was to give the wife the opportunity to present facts in her favor.

■ Neither the Free nor the Yiatchos case involved a divorce proceeding. In the instant case we have a divorce suit for which the treasury regulations have apparently provided. In 31 CFR § 315.20 it is stated:

"(General). (a) No judicial determination will be recognized which would give effect to an attempted voluntary transfer inter vivos of a bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving coowner or beneficiary, and all other provisions of this subpart are subject to this restriction. Otherwise, a claim against an owner or coowner of a savings bond and conflicting claims as to ownership of, or interest in, such bond as between coowners or between the registered owner and beneficiary will be recognized, when established by valid ju-

dicial proceedings, * * *."

31 CFR § 315.22 provides:

"Payment or reissue pursuant to judgment—(a) Divorce. A decree of divorce * * * settling the respective interests of the parties in a bond will not be regarded as a proceeding giving effect to an attempted voluntary transfer under the provisions of § 315.20. Consequently, reissue of a savings bond may be made to eliminate the name of one spouse as owner, coowner or beneficiary, or to substitute the name of one spouse for that of the other as owner, coowner or beneficiary pursuant to such a decree. * * *"

In Free v. Bland, supra, in discussing the regulations governing savings bonds and particularly those in 31 CFR §§ 315.20–315.-23, it is said:

"* * * While affording purchasers of bonds the opportunity to choose a survivorship provision which must be recognized by the States, the regulations neither insulate the purchasers from all claims regarding ownership nor immunize the bonds from execution in satisfaction of a judgment. * * *"

Thus it would appear that there is an exception implicit in the savings bond regulations, including the survivorship provision, so that federal bonds will not be a "sanctuary for a wrongdoer's gains."

In view of the above regulations and noting the distinction in the facts in the case before us and those in Free v. Bland, supra, and Yiatchos v. Yiatchos, supra, we are of the opinion that the trial court was correct in its disposition of the savings bonds. It is true that in § 315.22, supra, we find no mention of alimony, but alimony is a part of a "decree of divorce" and, as such, is covered by said section.

The judgment is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.