442 P.2d 569

Julia PASCHALL, Plaintiff-Appellee,

v.

Bill PASCHALL, Defendant-Appellant.

No. 8199.

Supreme Court of New Mexico.

June 10, 1968.

Donald Brown, Roswell, for appellant.

Neal & Matkins, Carlsbad, for appellee.

OPINION

ZINN, District Judge.

This appeal arises from a divorce action. The husband challenges the trial court's determination as to three items of property which were ruled to be the separate property of the wife. He contends the property belonged to the community and asks for an accounting and an award of his share therein.

The items of property were quite different in nature and dealt with by the parties under diverse circumstances. One property was a cocktail lounge, the second a herd of Black Angus cattle and the third water rights stemming from permits issued by the state engineer to appropriate underground water, perfected by the drilling of wells.

A review of the findings of the trial court as to each of the disputed properties and of the record of trial causes us to conclude that the decision was supported by the evidence. We find that the trial court judgment must be affirmed.

The evidence and the logical inferences drawn therefrom as to each of the disputed properties is adequate to support the court's conclusion that they were the separate property of the wife and not community property.

Considering first the cocktail lounge, the trial court found the business was initially purchased for $27,000.00 subsequent to the marriage. It was purchased in both parties' names. The wife furnished $15,000.00 of her separate estate as the down payment. The balance of the purchase price of $12,000.00 was found by the court to have been paid from the wife's separate funds. This latter finding is supported in the evidence. The $12,000.00 balance was the subject of a promissory note signed by both husband and wife. There was conflicting testimony as to the source of the money that paid off the $12,000.00 note. The wife testified that it was paid by a subsequent bank loan which was then repaid by earnings from the ranch. The husband testified that the subsequent bank

**258**

loan was paid from the bar income. This court must accept the trial court's finding when supported by substantial evidence, even though the evidence is in conflict.

█ The husband relies upon the presumption of community property as afforded by § 57–4–1, N.M.S.A.1953, that property taken in the name of both spouses is community. This is overcome by the supported finding. Burlingham v. Burlingham, 72 N.M. 433, 384 P.2d 699 (1963).

Considering next the herd of Black Angus cattle, the trial court found these to have been acquired from the wife's separate earnings during the marriage. The evidence discloses that many of the Black Angus cattle were purchased by the husband in his name and they were branded in his separate brand. However, the source of money for the purchase of the Black Angus cattle was the joint ranch account. This account included income from many sources related to the ranch, including water-well rentals and cattle sales.

The ranch lands, including state grazing leases and the base livestock herd, were the wife's before the marriage. The husband brought no property into the marriage, and his income and work efforts during the marriage were quite negligible. The court's finding that the wife's separate property provided the source of income to pay the cost of acquiring the cattle was supported by the evidence. The only income sources of the parties reaching the ranch account flowed from the wife's property owned before marriage, or acquired from the sale of property purchased from this account. Nevins v. Nevins, 75 N.M. 249, 403 P.2d 690 (1965); Burlingham v. Burlingham, supra; Conley v. Quinn, 66 N.M. 242, 346 P.2d 1030 (1959); Campbell v. Campbell, 62 N.M. 330, 310 P. 2d 266 (1957).

With respect to the water rights, the husband applied to the state engineer pursuant to § 75–11–3, N.M.S.A.1953. The permits authorized the drilling of wells upon and the appropriation of water beneath land held under grazing leases from the State of New Mexico, which were a part of the ranch holdings of the wife prior to the marriage.

Seven permits were granted, and five of these were drilled with water obtained so as to perfect the water rights. One well had been leased for a period of time at $400.00 a month, subsequently adjusted to $200.00 per month, and another well at $100.00 per month. The income from the wells had been deposited by the parties in their joint account, the ranch account. The leases of the wells had been executed by both husband and wife. The findings being supported, we need not consider what effect, if any, our statutes relating to appropriation of water might bear upon ownership of the water rights.

The trial court found that the wells were drilled and completed from separate funds of the wife. The cases cited above with respect to the cattle are equally applicable to this finding.

The judgment of the district court is affirmed. It is so ordered.

COMPTON and CARMODY, JJ., concur.