463 P.2d 35

**Edna KRATTIGER, Plaintiff-Appellee,**

**v.**

**Albert "Spec" KRATTIGER, Defendant-Appellant.**

**No. 8770.**

Supreme Court of New Mexico.

Dec. 8, 1969.

Rehearing Denied Jan. 15, 1970.

David L. Norvell, Clovis, for appellant.

Esther L. Smith, Clovis, for appellee.

## OPINION

MOISE, Chief Justice.

In this divorce case, we are called upon to consider two issues arising out of the facts, with regard to the property settlement pursuant to the divorce.

Appellant, in his first point, complains of the court's finding to the effect that the business of the parties, being a package liquor store and lounge, is worth $80,000, plus the value of inventory approximating $18,000. Both parties desire to continue the operation of the business and appellee has offered to take it and pay appellant one-half of $100,000, plus one-half the value of the inventory. By conclusions and judgment based on the findings appellant is given the opportunity to purchase at this price, if he desires, and, if he does not do so, appellee may do so. If neither of them purchase at the price fixed, the business is to be the property of the appellant, on condition that within thirty days he pay appellee one-half of the $80,000 value fixed by the court, plus one-half the inventory. If appellant fails to do this, the property is to be sold and the proceeds divided between the parties. Appellant does not complain of the trial court's conclusion and judgment directing the manner of disposition and division of the assets. The finding of valuation would be immaterial under the distribution ordered unless appellant purchases the property.

We have examined the record and find substantial support for the value fixed by the court, as well as for the amount offered by the appellee, both in appellee's testimony and that of an expert appraiser who testified on her behalf. Under such circumstances, it is not for us to disturb the court's findings. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398 (1962). Clearly, the proof offered was not such as would be characterized as surmise and speculation, not acceptable as a basis for a finding but, rather, was substantial for the purpose for which it was received. Compare State ex rel. State Highway Commission v. Chavez, 80 N.M. 394, 456 P.2d 868 (1969); Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967).

While, concededly, the method adopted by the court for disposing of the property may be somewhat novel and unorthodox, it was designed to accomplish justice between the parties. Furthermore, it was not objected to by either of them. Under the circumstances, there is no basis for reversal in the procedure followed by the court.

Appellant's second point is addressed to the court's refusal to find as requested by him that at the time of his marriage appellant had separate property of an approximate value of $37,000, for which he was entitled to credit. Appellant did not attempt to trace any proceeds of the property he had at the time of his marriage into the assets on hand at the time of the divorce. In fact, he testified that part of this property had greatly depreciated long prior to the divorce action. The burden was on appellant to show what portion of the property before the court resulted from his separate property. Paschall v. Paschall, 79 N.M. 257, 442 P.2d 569 (1968); Thaxton v. Thaxton, 75 N.M. 450, 405 P.2d 932 (1965).

There being no reversible error, the cause is affirmed. Upon mandate issuing, the district court, if so advised, may order appellant to pay such amounts as it considers proper as attorney fees for handling the matter in this court.

It is so ordered.

TACKETT and WATSON, JJ., concur.