652 P.2d 257

**Anna CHAPMAN, Plaintiff-Appellee,**

v.

**JESCO, INC. and the Hartford Insurance Company, Defendants-Appellants.**

No. 5584.

Court of Appeals of New Mexico.

Sept. 23, 1982.

708

Janet Santillanes, Klecan & Santillanes, P.A., Albuquerque, for defendants-appellants.

Benjamin S. Eastburn, Haynes, Eastburn, Hale & Palmer, Farmington, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

This appeal involves a substantial evidence question in a workmen's compensation case. The trial court found that plaintiff was 75% partially disabled as defined by the Workmen's Compensation Act. Defendants claim there is no substantial evidence to support the finding. We disagree. We affirm the judgment in favor of plaintiff.

Defendants rely primarily on percentage evaluations fixed by expert witnesses. Unfortunately, lawyers for both parties have overlooked the controlling rule of law that resolves this issue. In determining the extent of disability, the trial court is not bound to accept the percentage evaluations of any of the expert witnesses.

Medical testimony is intended to aid but not to conclude the trial court in determining the extent of disability. A percentage opinion may be disregarded if there is any other competent evidence to support the award. *Seal v. Blackburn Tank Truck Service,* 64 N.M. 282, 327 P.2d 797 (1958); *Romo v. Raton Coca Cola Co.,* 96 N.M. 765, 635 P.2d 320 (App.1981); *Casaus v. Levi Strauss & Co.,* 90 N.M. 558, 566 P.2d 107 (App.1977); *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (App.1977); *Lucero v. Los Alamos Constructors, Inc.,* 79 N.M. 789, 450 P.2d 198 (App.1969).

It is established law that the opinion of an expert, even though uncontradicted, is not conclusive of the fact in issue. The fact finder may reject expert opinion evidence in whole or in part. *Gaskin v. Harris,* 82 N.M. 336, 481 P.2d 698 (1971); *Van Orman v. Nelson,* 78 N.M. 11, 427 P.2d 896 (1967); *Lopez v. Heesen,* 69 N.M. 206, 365 P.2d 448 (1961); *Phillips v. Smith,* 87 N.M. 19, 528 P.2d 663 (App.1974); *Reid v. Brown,* 56 N.M. 65, 240 P.2d 213 (1952).

*Chavira v. Gaylord Broadcasting Co.,* 95 N.M. 267, 620 P.2d 1292 (App.1980), mistakenly stated the rule on medical percentage evaluation evidence. It reads:

However, medical evidence regarding the percentage of disability need not be accepted by the trial court if there is other competent evidence to *refute* it. *Lucero v. Los Alamos Constructors, Inc.,* 79 N.M. 789, 450 P.2d 198 (Ct.App.1969). Our review of the cases applying the *Lucero* rule seems to indicate, however, that "other competent evidence" *refers only to other medical testimony.* See, e.g., *Seal v. Blackburn Tank Truck Serv.,* 64 N.M. 282, 327 P.2d 797 (1958). [Emphasis added.] [Id. 269.]

"Other competent evidence to support the award" does not mean "other competent evidence to refute it." Neither does it mean "other competent *medical* testimony." To support an award, the court may rely on "other competent evidence." This means evidence "other" than the medical opinion. Seal does not indicate that "other

competent evidence" refers only to other medical testimony.

*Lucero* said:

The trial court was not bound to accept the percentage evaluations of any one of the three doctors. Medical testimony, like other expert evidence, is intended to aid but not to conclude the trier of the facts in determining the extent of disability. *Seal v. Blackburn Tank Truck Service,* 64 N.M. 282, 327 P.2d 797 (1958); *Seay v. Lea County Sand and Gravel Company,* 60 N.M. 399, 292 P.2d 93 (1956). [79 N.M. 791.]

*Garcia* said:

Once causation is established by appropriate medical evidence, the absence of medical testimony as to the *extent of disability* does not bar a disability award. The extent of disability may be established by the plaintiff. [90 N.M. at 127, 560 P.2d 545.]

*Chavira* errs in stating that " 'other competent evidence' " refers only to other medical testimony. It is overruled insofar as it is inconsistent with this opinion.

In the instant case, all expert testimony was presented to the court by way of depositions. At trial, plaintiff testified in her own behalf. Defendants produced a lay witness who testified with reference to plaintiff's ability to work. It appears that the trial court who questioned plaintiff relied primarily on plaintiff's testimony. It determined that this was "other competent evidence" to support an award of 75% partial disability. We agree. "The degree of disability is a question of fact for the trial court." *Trujillo v. Tanuz,* 85 N.M. 35, 39, 508 P.2d 1332 (Ct.App.1973).

We will not repeat again what was said in *Romo* with reference to a trial court's view of the facts and its effect upon this Court.

The only finding made by the trial court concerning the percentage of plaintiff's disability is as follows:

5. Since February 21, 1981, plaintiff was and is now 75% partially disabled, as defined by the Workmen's Compensation Act.

Defendants assert that "[t]his finding is inadequate because it is impossible to tell the basis of the trial court's decision" and "the case must be remanded to the trial court for proper findings." The basis of this assertion is that "the trial court followed an incorrect test in reaching the conclusion that Plaintiff is 75% disabled."

This innovation results from an informal discussion at the close of the case between the district judge and opposing lawyers. We look with favor upon such discussions for an expression of views, but it is the trial court's final findings of fact and conclusions of law which are controlling and not its informal statements and opinions made during the trial. *Plains White Truck Company v. Steele,* 75 N.M. 1, 399 P.2d 642 (1965). Oral opinions and statements of the judge do not constitute a "decision" and error may not be predicated thereon. *Getz v. Equitable Life Assur. Soc. of U. S.,* 90 N.M. 195, 561 P.2d 468 (1977). We may resort to a trial court's *opinion* to explain inconsistent, indefinite or ambiguous findings, or to explain the trial court's theory. *Nevins v. Nevins,* 75 N.M. 249, 403 P.2d 690 (1965). We find it unnecessary to do so because the trial court did not render an opinion. Its finding is a definite statement of an ultimate fact. To state the basis of this finding would involve evidentiary facts, and whatever tests were discussed are not pertinent to the court's finding.

AFFIRMED. Defendants shall pay the costs of this appeal. Plaintiff is awarded an attorney fee of $2,000.00 for services rendered in this appeal. On remand, the trial court shall issue an order that defendants shall pay plaintiff all compensation benefits due and payable to date together with interest thereon at the rate of 10% per annum in one lump sum and continue payments thereafter as provided in the judgment.

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.