901 P.2d 776

**David SLYGH, Claimant–Appellee,**

v.

**RMCI, INC, and United States Fidelity & Guaranty Company, Respondents–Appellants.**

**No. 15900.**

Court of Appeals of New Mexico.

June 28, 1995.

Rod Dunn, Albuquerque, for claimant-appellee.

Thomas R. Mack, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for respondents-appellants.

## OPINION

APODACA, Chief Judge.

Respondent RMCI, Inc. and its insurer (Employer) appeal the award of workers' compensation benefits and the award of attorney fees to Claimant David Slygh (Employee), based on the workers' compensation judge's (the judge) finding that Employee had a sedentary residual physical capacity pursuant to NMSA 1978, Section 52–1–26.4(C)(4) (Repl.Pamp.1991) (effective January 1, 1991). We affirm.

## I. FACTS

Employee was employed by Employer as a lineman. While performing his work, Employee fell into an uncovered hole and injured his back. The parties stipulated that Employee suffered an accidental injury arising from his employment and that Employer had actual or written notice of the work accident within fifteen days of its occurrence. After a formal hearing, the judge determined that Employee had a sedentary residual physical capacity and awarded him sixty-five percent permanent partial disability benefits. Employer appeals this determination.

## II. DISCUSSION

### A. Determination of Residual Physical Capacity

Employer argues that the judge erred in determining that Employee had a sedentary, rather than a light, residual physical capacity because the determination was based, at least in part, on Employee's trial testimony. Section 52–1–26.4(D) provides:

> The determination of a worker's residual physical capacity *shall* be made by a health care provider defined in Subsection C, E or G of Section 52–4–1 NMSA 1978. If the worker or employer disagrees on who shall make this determination, the dispute shall be resolved in accordance with the provisions set forth in Section 52–1–51 NMSA 1978.

(Emphasis added.) Employer contends that the word "shall" requires that a worker's residual physical capacity be determined solely by a health care provider. Employer thus argues that, because Barry Diskant, M.D., Employee's health care provider, testified that Employee could pursue light work, the judge was bound by this opinion and was required to determine that Employee had a light residual physical capacity. We disagree and do not accept the argument that the factfinder is prohibited from making an independent judgment regarding residual physical capacity.

When interpreting statutory language, our primary goal is to "determine and give effect to the intent of the legislature." *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). Under the rules of statutory construction, we will read the statute as a whole and in conjunction with the related statutory provisions. *Incorporated County of Los Alamos v. Johnson*, 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989). A statute must be construed so that no word, clause, sentence, provision or part is rendered surplusage or superfluous. *In re Rehabilitation of W. Investors Life Ins. Co.*, 100 N.M. 370, 373, 671 P.2d 31, 34 (1983).

On its face, Section 52–1–26.4(D) appears to limit which individuals are permitted to render an opinion regarding a worker's residual physical capacity. *See* NMSA 1978, § 52–4–1 (Repl.Pamp.1991) (effective January 1, 1991) (defining term "health care provider" under the Workers' Compensation Act). This language does not, however, expressly limit the judge's role as fact-finder and arbiter of legal issues. *See* NMSA 1978, § 52–5–7(B) (Repl.Pamp.1991) ("The decision of the workers' compensation judge shall be made in the form of a compensation order, appropriately titled to show its purpose and containing a report of the case, *findings of fact* and conclusions of law . . . .") (emphasis added). To interpret Section 52–1–26.4(D) in the restrictive manner suggested by Employer would render Section 52–5–7(B) mere surplusage and would greatly diminish the role

of workers' compensation judges to such a degree that the health care provider would essentially become the individual determining the ultimate issues in many cases. We therefore hold that evidence must be presented by a qualified health care provider on the issue of a worker's residual physical capacity, but the judge is free to consider this evidence in the same manner, and to the same degree, as any other expert testimony presented. *See Trujillo v. City of Albuquerque,* 116 N.M. 640, 643, 866 P.2d 368, 371 (Ct.App.) (judge not bound by expert testimony and may base finding on lay testimony when determining degree of worker's disability), *cert. denied,* 116 N.M. 364, 862 P.2d 1223 (1993); *Chapman v. Jesco, Inc.,* 98 N.M. 707, 708, 652 P.2d 257, 258 (Ct.App.1982) (fact finder may reject expert opinion in whole or in part). Even though *Trujillo* and *Chapman* are based on injuries that occurred prior to the enactment of Section 52–1–26.4 in 1990, we presume that the legislature was aware of the holdings in those cases, *Southard v. Fox,* 113 N.M. 774, 776, 833 P.2d 251, 253 (Ct.App.1992), and could have expressly eliminated the role of the workers' compensation judge as fact finder of residual physical capacity.

■ Employer argues, however, that the judge erred in disregarding Dr. Diskant's opinion and relying entirely on Employee's contradictory testimony concerning his physical condition. We disagree that the judge disregarded the doctor's testimony and relied entirely on Employee's testimony. Dr. Diskant testified that, as indicated on the physical capacities form, Employee could stand or walk from zero to two hours at a time, approximately two to four hours in an eight-hour day. The doctor also stated that Employee could sit for half an hour at a time and two to four hours in an eight-hour day. He testified that Employee could occasionally lift up to twenty pounds and could frequently lift ten pounds. Dr. Diskant also verified that his records indicated that Employee had a sedentary-to-light residual physical capacity. The doctor stated that it was his opinion that Employee could pursue light work as defined in the New Mexico Workers' Compensation Act.

Employee also testified at trial. He stated that he could stand unsupported for only about ten minutes. Although he never tried, Employee thought that, if he leaned against something, he could stand for approximately one hour. Employee also stated that he could walk continuously for similar periods.

Our review of the record indicates that the judge did not disregard Dr. Diskant's testimony. Rather, she considered the doctor's testimony in conjunction with Employee's testimony. Contrary to Employer's assertions, the record indicates that the judge based her determination of Employee's residual physical capacity on Dr. Diskant's testimony as a whole, including his testimony regarding weight-lifting capacity and standing/walking/sitting time. The judge found that Employee could not walk or stand to a significant degree. Based on this determination, she concluded that Employee had a sedentary residual physical capacity.

Employer also contends that the judge applied an improper legal standard to consider Employee's residual physical capacity in finding that Employee could not walk or stand to a significant degree. Again, we disagree. Section 52–1–26.4(C) defines the relevant residual physical capacities:

(3) "L" or "light" means the ability to lift up to twenty pounds occasionally or up to ten pounds frequently. Even though the weight lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree or when it involves sitting most of the time with a degree of pushing and pulling of arm or leg controls or both; and

(4) "S" or "sedentary" means the ability to lift up to ten pounds occasionally or up to five pounds frequently. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met.

Dr. Diskant stated that Employee could stand or walk from zero to two hours at a time, approximately two to four hours in an eight-hour day. Employee corroborated this expert testimony by stating that the longest he could stand unsupported was about ten minutes, but if he was allowed to lean against something, the longest he could stand was

for about an hour. A job is in the light category when it requires walking or standing to a significant degree. Section 52–1–26.4(C)(3). The testimony of both Dr. Diskant and of Employee support the judge's finding that Employee was unable to walk or stand to a significant degree. As discussed above, insofar as Dr. Diskant stated that it was his opinion that Employee could pursue light work, the judge was not bound by this statement. *See Trujillo,* 116 N.M. at 643, 866 P.2d at 371; *Chapman,* 98 N.M. at 708, 652 P.2d at 258. The judge therefore properly made a determination concerning Employee's residual physical capacity based on the evidence before her.

Based on the testimony of both Dr. Diskant and Employee, the judge could have reasonably concluded that Employee did not fall within the light residual physical capacity category because this category required walking or standing to a significant degree, and Employee was unable to walk or stand to a significant degree. We therefore affirm the judge's determination that Employee had a sedentary residual physical capacity. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 129, 767 P.2d 363, 368 (Ct. App.) (questions of weight and credibility to be given testimony are for fact-finder, not this Court, to resolve), *cert. denied,* 109 N.M. 33, 781 P.2d 305 (1988).

### B. Attorney Fees

Employer also argues that the award of attorney fees to Employee should be reduced dependent on Employer's success on appeal. Because we hold in favor of Employee on all substantive issues raised on appeal, we need not address the award of attorney fees.

### III. CONCLUSION

For these reasons, we affirm the award of benefits. Employee is awarded $2,500 in attorney fees on appeal, together with applicable gross receipts tax.

**IT IS SO ORDERED.**

ALARID and WECHSLER, JJ., concur.