This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40697**

**ALFRED E. JARAMILLO,**

Worker-Appellant,

v.

**LOS ALAMOS NATIONAL LABORATORIES,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Anthony Couture, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

YLAW, P.C.
Megan L. Kuhlmann
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Alfred Jaramillo (Worker) filed a workers' compensation claim in which he alleged that he developed asthma because he was exposed to chemicals working in a "salt barn" at his job with the Los Alamos National Laboratories (Employer). After a formal hearing, a Workers' Compensation Judge (WCJ) denied Worker's claim, determining that Worker's asthma occurred during the course of his employment, but did not arise out of his employment. *See Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2014-NMCA-019, ¶ 8, 317 P.3d 866 (requiring, for a successful workers' compensation claim, that the injury both occur in the course of and arise out of the worker's

employment). Worker appeals, arguing that the WCJ erred because (1) under the "arise out of" prong, it required Worker to prove more than the law requires; and (2) based on the underlying facts that supported its determination that Worker experienced asthma at work, the WCJ necessarily had to determine that his asthma arose out of his work. Unpersuaded, we affirm.

## DISCUSSION

**{2}** To be compensated under the Workers' Compensation Act (WCA), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017), the worker must experience an "injury . . . [that] is proximately caused by [an] accident" that occurred "in the course of [their] employment" and that "ar[ose] out of" their employment. Section 52-1-9(C); *accord* § 52-1-28(A)(1). "[C]ourse of employment" concerns "the time, place, and circumstances under which the accident takes place." *Schultz ex rel. Schultz*, 2014-NMCA-019, ¶ 8 (internal quotation marks and citation omitted). "For an injury to arise out of employment, the injury must have been caused by a risk to which the injured person was subjected in [their] employment." *Velkovitz v. Peñasco Indep. Sch. Dist.*, 1981-NMSC-075, ¶ 2, 96 N.M. 577, 633 P.2d 685. The parties agree the facts of the case are established and undisputed,[1] and therefore Worker's arguments on appeal address a purely legal question that we review de novo: whether the district court erred by concluding that Worker failed to prove his injury arose out of his employment. *See Griego v. Jones Lang LaSalle*, 2019-NMCA-007, ¶ 8, 458 P.3d 523; *Hernandez v. Home Educ. Livelihood Program, Inc.*, 1982-NMCA-079, ¶ 9, 98 N.M. 125, 645 P.2d 1381 ("Where the historical facts are undisputed, whether the accident arose out of and in the course of the employment is a question of law."). We review Worker's arguments in turn.

## I. Worker Has Not Demonstrated That the WCJ Required Worker to Prove More Than the Law Requires

**{3}** Worker contends that the WCJ erred in requiring him to prove that "a specific workplace irritant" from the salt barn caused his asthma; his work exposed him to irritants that were "greater than ordinarily incident to the labor"; and his work was a "predominant factor" in his injury. We are not persuaded that reversible error occurred because, based on the order as a whole, we do not believe the WCJ imposed such requirements.

---

[1] Although Worker states that he does not dispute the facts, his briefs do challenge some facts, but his challenges to those are not proper. For example, in his brief in chief, without specifically attacking a WCJ finding, Worker presents facts that were never adopted by the WCJ, and in his reply brief he challenges specific findings for the first time on appeal. We reject these challenges. *See* Rule 12-318(A)(4) NMRA (requiring an appellant to "set forth a specific attack on any finding, or the finding shall be deemed conclusive"); *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 (stating appellate courts will not ordinarily consider an argument "raised for the first time in a reply brief"). The WCJ's findings are therefore binding on appeal. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108.

**{4}** We conclude that the WCJ denied Worker's claim because he was more persuaded by Employer's medical evidence contesting causation than Worker's medical evidence proving causation. And because the WCJ's decision was based on its resolution of conflicting medical testimony, we "will generally defer to" its findings on appeal that Worker did not establish causation. *See Wilson v. Yellow Freight Sys.*, 1992-NMCA-093, ¶ 16, 114 N.M. 407, 839 P.2d 151. Worker has not given us reason to veer from this general rule.

**{5}** In circumstances like the present case in which the employer denies that the injury is "a natural and direct result of the accident," the worker must "establish a causal connection as a probability" by producing "expert testimony of a health care provider." Section 52-1-28. Upon doing so, the worker satisfies their burden of production. This burden then shifts to the employer to present contradictory medical evidence. *Mayfield v. Keeth Gas Co.*, 1970-NMCA-032, ¶ 6, 81 N.M. 313, 466 P.2d 879.[2] If the employer meets their burden of production, "it remain[s the worker's] burden to convince the [WCJ] court of such causal connection." *Id.* ¶ 8 (internal quotation marks and citation omitted).

**{6}** Here, Employer met its burden of production, and thus Worker bore the burden of persuading the WCJ that a causal connection existed, but the WCJ concluded that Worker did not shoulder that burden. Worker's sole theory was "that his asthma was caused by exposure to substances at the '[s]alt [b]arn.'" As support, he provided expert medical testimony that he was "expos[ed] to a lot of environmental agents" in the salt barn "that were likely a precipitant or a cause of irritant asthma for him." But Employer presented conflicting evidence from medical experts who found no "link between . . . Worker's condition and the [s]alt [b]arn." In resolving this conflict, the WCJ found that Employer's experts "did a thorough and credible analysis of the [s]alt [b]arn environment." The WCJ explained that he was unpersuaded by Worker's expert because his expert "did not significantly investigate the [s]alt [b]arn"; his expert was "not aware of how often Worker was being exposed to the [s]alt [b]arn"; and his expert's "research was not as thorough as" that done by Employer's experts. Thus, the WCJ denied Worker's claim because it found Worker's evidence less convincing as to whether or not a causal link existed, and we defer to that finding. *See Wilson*, 1992-NMCA-093, ¶ 16.

**{7}** Worker interprets the WCJ's order differently, asserting—but failing to establish—that the WCJ raised the causation bar to a height not required by New Mexico law. To support this assertion, Worker relies on three findings: (1) Worker's expert did not "specifically identify" an irritant causing his asthma; (2) "Worker has not shown that his asthma was caused by exposure" to work-related risks that were "greater than ordinarily incident to the labor in which he was engaged"; and (3) the cause of his asthma "remains a mystery." Worker contends, without explanation, that these are conclusions of law. We disagree. Importantly, the WCJ identified these as findings of fact, not

---

2In *Mayfield*, this Court interpreted language in 1959 N.M. Laws, ch. 67, § 7—the previous version of Section 52-1-28(B)—*see Mayfield*, 1970-NMCA-032, ¶¶ 5, 8, which is substantively the same as the current version of the statute. *Compare* 1959 N.M. Laws, ch. 67, § 7, *with* § 52-1-28(B).

conclusions about what the law required Worker to prove. Because Worker has not provided us a reason to reject the WCJ's classification, we presume that the WCJ classified them correctly. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (presuming that the district court is correct and requiring the appellant to clearly demonstrate error). We take these findings at their face value as part of the factual basis on which the WCJ reached its ultimate conclusion: that Worker's evidence failed to establish a causal link between Worker's work and his asthma. We therefore reject this claim of error.

## II.     Worker Does Not Establish How Experiencing Asthma at Work Meant His Work Caused His Asthma

**{8}**      Worker asserts that two findings made in the "course of employment" prong required the WCJ to also find in his favor for the "arise out of" prong. Specifically, Worker relies on the WCJ's findings that Worker's asthma was triggered by "something at work," and that Worker's expert's testimony was credible that "non-work environmental factors" were unlikely to have caused his asthma.[3] But, as the WCJ accurately observed, Worker's argument amounts to an invitation to conclude "that correlation equals causation," and, as the WCJ correctly concluded, "[c]orrelation is not causation."

**{9}**      Precedent recognizes that "course of employment" and "aris[e] out of" are "two distinct requirements." *Schultz ex rel. Schultz*, 2014-NMCA-019, ¶ 8. We agree with the WCJ that if we were to adopt Worker's theory that these are not distinct requirements, the "arising out of" language in Section 52-1-28(A)(1) would be "surplusage." *See Slygh v. RMCI, Inc.*, 1995-NMCA-081, ¶ 4, 120 N.M. 358, 901 P.2d 776 ("A statute must be construed so that no word, clause, sentence, provision or part is rendered surplusage or superfluous."). We are further unpersuaded by Worker's argument that the only "reasonable or logical conclusion[] from [the] findings" relied on by Worker is that his injury "arose from" working in the salt barn. The WCJ explained in his order denying Worker's motion to reconsider that "Worker does suffer from asthma symptoms *at* work," but not—as Worker urges on appeal—that something at work *causes* his asthma. Further, the WCJ's clarification neatly aligns with its other findings under the "course of employment" prong. For example, the WCJ found that Worker's "asthma is temporally related to [his] work," and that Worker's asthma was "worse when he went to work." Thus, following the WCJ's explanation, we understand these findings only to inform "the time, place, and circumstances" of Worker incurring his injury. *See Schultz, ex rel. Schultz*, 2014-NMCA-019, ¶ 8 (text only) (citation omitted); *Farmers, Inc.*, 1990-NMSC-100, ¶ 8. We therefore decline to hold that because Worker experienced asthma at

---

3Worker also relies on a finding that he proposed—and that the WCJ did not adopt—that his asthma was not preexisting. We decline to consider this proposed finding because we are bound by the WCJ's decision not to adopt it. *Hill v. Cmty. of Damien of Molokai*, 1996-NMSC-008, ¶ 41, 121 N.M. 353, 911 P.2d 861 ("Failure to adopt a proposed finding of fact is in effect a negative finding with respect to that fact, which binds this Court on appeal.").

work, the WCJ was required to conclude that a risk associated with Worker's employment caused his asthma.

**CONCLUSION**

**{10}**   We affirm.

**{11}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**