## UTAH COOPERATIVE ASS'N v. WHITE DISTRIBUTING & SUPPLY CO. et al.

No. 7627.   Decided October 31, 1951.   (237 P. 2d 262.)

604

See 19 C. J. S., Corporations, sec. 1342.

*Woodrow D. White, George E. Bridwell,* Salt Lake City, for appellant.

*Gaylen S. Young,* Salt Lake City, for respondent.

WADE, Justice.

Verdi R. White, the appellant and one of the defendants, appeals to reverse a judgment holding that respondent's judgment against defendant, White Distributing & Supply Company, now a defunct corporation, is a lien against the premises at 3149 South State Street which is superior to appellant's undivided one-half interest in the purchasers' equity in such property. The title to such property is in E. B. McCabe and wife. Appellant and Gordon P. Austin entered into a title retaining deferred payment contract to purchase such property in October, 1945, agreeing to pay the balance of the purchase price in $135 monthly installments, the balance of which amounted to about $10,000 at the time of the trial. The defunct defendant corporation was incorporated in February, 1946, and operated a business of building homes for sale, and in May or June, 1946, through appellant Verdi R. White, as president and general manager who had charge of all the corporation's operations and assets, it leased the South State Street property for $195 per month. From rental units thereon that corporation received about the same amount of rent as it paid and in addition it erected a small business building for its headquarters at a cost of $4,600 on such premises.

During 1947, the defunct defendant corporation became admittedly insolvent. Appellant claims that defendant corporation owed about $150,000 of debts and had only about $15,000 worth of assets. None of such assets were applied to the payment of plaintiff's claim and on June 25, 1948,

plaintiff took a judgment against it for $1,212.98 with interest and costs. No part of this judgment has been paid. On January 6, 1949, appellant, as president of the defunct corporation, was cited into court on supplementary proceedings to testify concerning its assets and testified as follows:

"Q. * * * Although that property is being purchased by you as an individual, the corporation did spend its own funds building the building on it? A. That is correct.

"Q. How much approximately did the corporation spend putting the building up? A. Approximately $4,600.00.

"Q. And so you would say that that would be the interest of the corporation in that property? A. Yes."

Based on this testimony, plaintiff brought this action for a decree that the defendant corporation has an equitable interest in this property which is subject to plaintiff's judgment lien and that such lien is superior to White and Austin's purchasers' interest in the property. The evidence showed that Austin had assigned his interest to M. A. Strand who was not a party to the action and no judgment against his interest was entered.

On the trial, Verdi R. White testified that his answer to the last question above quoted although in accordance with the transcript was not complete, but that in addition to the answer above given he sated that he doubted that the defunct corporation had an interest in the South State Street property. This is positively denied by the attorney who examined him. Appellant further testified on the trial that although the building was constructed under his direction as president and general manager of the defunct corporation, he paid for practically all of the materials which went into it out of his own funds and that he had paid many thousands of dollars in cash and property of his own on such corporation's debts which he was not obligated to pay and for which he had received nothing and that the equities between him and the company are many thousand

dollars in his favor. He claims that since his testimony is not contradicted, it must be taken as true and there is no evidence to support a contrary finding.

The trial court in substance found the following facts: That the defendant defunct corporation owned an interest in the South State Street property; that such corporation expended $4,600 in cash and materials in erecting a building on such property; that appellant knew that such funds and property were being used to build such structure and considered that such corporation by reason of such facts owned an interest in such property to the extent of $4,600. This finding is directly contrary to appellant's testimony on the trial.

The evidence is clear that appellant, on the supplementary proceeding, testified that the corporation had an interest in that property of $4,600. This testimony was against his interest now and at the time it was given. There is nothing about the surrounding circumstances that would indicate that he had any reason to so testify except to tell the truth, in fact his interest was contrary to such testimony.

On the other hand he was represented at that time by counsel and there is no circumstance showing that he did not understand the full import of his answer. His testimony at the trial, claiming that the balance of the equities between him and the defunct corporation are in his favor by many thousand dollars was given after he had time to make up an answer with the realization that if he did not convince the court, he stood to lose the amount of plaintiff's judgment. This testimony is very strongly in accordance with his interests. Under such circumstances the court could reasonably hold as it did that his former testimony was correct and that such finding is supported by the preponderance of the evidence.

Under Section 104-30-15 U. C. A. 1943, respondent's judgment became a lien upon all the real property of the defunct defendant corporation. Since the record title to that property was not in such corporation, it was proper for the court to declare that such lien attached to such property.

Affirmed. Costs to respondent.

McDONOUGH and CROCKETT, JJ., concur.

WOLFE, Chief Justice.

I concur. The plaintiff Cooperative Association recovered a judgment for $1,212.98 against the defendant White Distributing & Supply Company for nails purchased on open account. The judgment was recorded and became a lien by virtue of Section 104-30-15, U. C. A. 1943, upon all real property owned by defendant corporation. In the prior proceedings, the appellant Verdi R. White, who was president of the corporation, testified that the corporation spent $4,600 in the construction of a building which was erected on the premises being purchased by himself and another. Appellant attempted to repudiate this testimony at the trial of the instant proceedings. But there is evidence to sustain the trial court's finding of fact that the corporation has an interest in the building to the extent of $4,600, out of which the plaintiff's judgment may be satisfied.

HENRIOD, J., dissents.