517 P.2d 539

**FOSS LEWIS & SONS CONSTRUCTION CO., a Utah corporation, Plaintiff and Respondent,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, Defendant and Appellant.**

No. 13359.

Supreme Court of Utah.

Dec. 17, 1973.

---

Joseph J. Palmer, of Moyle & Draper, Salt Lake City, for defendant-appellant.

George K. Fadel, Bountiful, for plaintiff-respondent.

ELLETT, Justice:

The defendant was surety for Skyline Construction Company, a prime contractor on a construction job for the State of Utah. The plaintiff was a subcontractor on that job. The bond of the surety provided that defendant would pay all debts of Skyline which Skyline did not pay.

The plaintiff sued on the bond for the unpaid balance due from Skyline and recovered judgment. The defendant appeals, contending that the action was not timely begun.

Our statute [1] provides:

. . . [I]f the claimant is a subcontractor of the contractor, no such suit shall be commenced after the expiration of one year from the date on which final payment under the subcontract became due.

1. Sec. 14–1–6, U.C.A.1953 (Replacement Vol. 2A).

The sole question involved herein is when did the final payment under the subcontract become due.

The prime contract provided that the State would make a progress payment of 90% of the value of the work done in any given month not later than the 15th of the following month.

The subcontract provided that plaintiff would furnish Skyline monthly estimates of work done and that Skyline would pay 90% of the value thereof out of the money it received the following month from the State of Utah. Nothing was said about when the withheld 10% would be paid to plaintiff.

■ In the absence of an agreement to the contrary, the unpaid amount of the contract would become due and payable upon completion of the work required to be done.[2] However, in this case Skyline was not obligated to pay plaintiff 90% of the last monthly estimate until it received the money from the State. When that final 90% was paid, then the entire amount of money withheld would also be due and owing if there were no offsets to be made for improper workmanship, unpaid bills, etc., which might become a charge against Skyline.

The final bill of plaintiff was for $2,900 and was prepared May 10, 1971, but not sent to Skyline until June 1, 1971. Since plaintiff was making monthly estimates as the work progressed, it would appear that the bill dated May 10 was for work done in April, 1971. The payment for the final estimate was not required to be made until the money was received by Skyline for the month following that in which the work was done by plaintiff.

The first payment received by Skyline after May 10, 1971, was on May 21, 1971, and plaintiff's share, if any it had, would not be due until after that date. The next payment to Skyline was made August 10, 1971, and any amount due plaintiff out of that payment or the prior one would be well within the year before May 19, 1972, the date when this action was commenced.

The trial judge apparently thought that the terms of payment to Skyline as set out in the prime contract also applied to the subcontract. The parties did not act as if it did, for when the work of Skyline was 50% completed, no further amounts were withheld by the State for payments made on the subsequent progress reports. Skyline withheld 10% of each payment due plaintiff at all times, and this action is to recover the amounts so withheld.

■ Whether or not the judge gave the correct reason for his ruling is of no importance, since he should be affirmed if

2. 17A C.J.S. Contracts § 502(1).

he reached the correct result.[3] He did reach the correct result, for it does not appear from the record that the action was commenced more than one year after the final payment became due.

The judgment is affirmed. Costs are awarded to respondent.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

---

3. Peterson v. Fowler, 29 Utah 2d 366, 510 P.2d 523 (1973); 5 C.J.S. Appeal and Error § 1464 (1).