**BILL NAY & SONS EXCAVATING, a Utah corporation, Plaintiff and Respondent,**

v.

**NEELEY CONSTRUCTION COMPANY, a Utah corporation; Dennis Neeley, individually; Interwest Service & Supply; and Robert Neeley, individually, Defendants and Appellants.**

No. 18658.

Supreme Court of Utah.

Feb. 1, 1984.

---

Tex R. Olsen, Richfield, for defendants and appellants.

Paul R. Frischknecht, Manti, for plaintiff and respondent.

OAKS, Justice.

This is an appeal from a decree giving relief from a fraudulent conveyance. The decree set aside a deed to appellant Interwest Service & Supply Co. and allowed plaintiff, a judgment creditor, to levy execution on the property. Appellant Interwest Service and its sole stockholder, Robert Neeley, seek reversal on the basis that the judgment debtor, Neeley Construction Co., had no interest in the property.

Appellants do not challenge the sufficiency of evidence for the findings, which establish the following facts. On November 20, 1979, Neeley Construction (by Dennis Neeley, officer and stockholder) signed a contract to purchase 4.6 acres from Manti City and the Manti Improvement of Business Association (MIBA), paying $1,000 down and promising to pay the balance of $5,900 by December 1, 1979. A deed was placed in escrow. On June 10, 1981, plaintiff obtained a $9,000 judgment against Neeley Construction. Thereafter, Dennis Neeley and Robert Neeley negotiated with the vendor, MIBA, after which, on December 16, 1981, MIBA conveyed the 4.6-acre property to Interwest Service.

Where the written findings are incomplete, inadequate, or ambiguous, as in this case, they may be elaborated or interpreted (in respects not inconsistent therewith) by reference to the trial court's written memorandum or its oral explanation of the decision. *Sprague v. Boyles Brothers Drilling Co.*, 4 Utah 2d 344, 351 and n. 5, 294 P.2d 689, 693 (1956); *Earhart v. William Low Co.*, 25 Cal.3d 503, 158 Cal.Rptr. 887, 600 P.2d 1344 (1979); *Nevins v. Nevins*, 75 N.M. 249, 403 P.2d 690 (1965); *Schoonover v. Carpet World, Inc.*, 91 Wash.2d 173, 588 P.2d 729 (1978). Here, the court announced a finding from the bench at the conclusion of trial that there was clear and convincing evidence that Dennis Neeley, Robert Neeley, Neeley Construction Co., Neeley, Inc., and Interwest Service all combined to work a fraud upon the plaintiffs. The court concluded that the MIBA conveyance to Interwest Service should be set aside and that plaintiff should be able to levy against the property to satisfy its judgment against Neeley Construction.

The issue for our decision is whether there was sufficient legal and evidentiary basis for the district court's conclusion.

The legal basis is clear. The interest of a purchaser under a real estate contract is an interest in real property that can be mortgaged. *Lockhart Co. v. Anderson*, Utah, 646 P.2d 678 (1982). Upon the same reasoning, this equitable interest is also subject to the judgment lien prescribed by U.C.A., 1953, § 78–22–1. *Utah Cooperative Association v. White Distributing & Supply Co.*, 120 Utah 603, 237 P.2d 262 (1951). Appellants argue that when an executory contract has been abandoned or forfeited because of a default in performance, this extinguishes or prevents any lien on the purchaser's rights. Whether or not this is true in all circumstances, that rule is inapplicable here. The district court obviously concluded that there was no abandonment or forfeiture on the facts of this case, and the evidence supports that conclusion.

The judgment debtor, Neeley Construction, retained an interest in the property since it admittedly paid at least $1,000 as purchaser under the November 1979 contract. The only question is the extent of

that interest. It is evident from the relief granted in this case that the court concluded that Neeley Construction, pursuant to the contract, had provided the entire consideration for the property conveyed to Interwest Service. If so, the Utah enactment of the Uniform Fraudulent Conveyances Act provides an appropriate basis to set aside a transfer made without consideration by the transferee or to levy execution to the extent necessary to satisfy a plaintiff creditor's claim. U.C.A., 1953, § 25-1-15. This relief is appropriate where the transfer is fraudulent as to the creditor. because the transferor was insolvent at the time of the transfer, § 25-1-4, where the transferor was a business person who was then left with "unreasonably ·small capital," § 25-1-5, or where the transferor acted with intent "to hinder, delay or defraud" creditors. §§ 25-1-7, 25-1-8.

Even if the findings or evidence would not support one of the foregoing bases for a fraudulent conveyance, if Neeley Construction provided the entire consideration for a conveyance of real property to Interwest Service, then Interwest Service held the property on a purchase money resulting trust for Neeley Construction. *In re Estate of Hock*, Utah, 655 P.2d 1111 (1982). In that event, Neeley Construction could compel a conveyance from Interwest Service, and, in the meantime, Neeley Construction's creditors could levy upon its equitable interest in the property.

We view the evidence in the light most favorable to the court's decree. The testimony and documentary exhibits provide ample evidentiary support for the conclusion that Neeley Construction provided the entire consideration for the conveyance to Interwest Service.

Neeley Construction signed a contract to purchase the property and paid $1,000 down on November 20, 1979. Ten days later, on the date designated for the payment of the balance, Neeley Construction was "on the verge of bankruptcy," according to its principal officer, Dennis Neeley. (The corporation was insolvent by the time of the trial in May 1982.) More than a year

passed after the payment date without any communication from MIBA declaring a default or even pressing for payment. According to an officer of MIBA, the contract was "held in limbo for a long period of time." MIBA was engaged in land development for the purpose of encouraging businesses to locate in Manti City, and it conventionally "bent over backwards" to help its purchasers get established.

On December 29, 1980, Neeley, Inc., and MIBA signed a letter agreement specifying that Neeley, Inc., would construct roadbeds on the development property "for $5,670 which will be directly applied to the balance owing on the Neeley property in the park." Neeley, Inc., was a family corporation managed by Dennis Neeley. (The corporation was "being dissolved" at the time of trial.) The new agreement was negotiated by Dennis Neeley and his cousin, Robert Neeley, who was employed by him in various of his corporations, including Neeley Construction, Neeley, Inc., and Neeley Western (wholly owned by Dennis Neeley). Dennis and Robert Neeley shared an office and costs. The agreed work was done during January and February 1981 by Robert Neeley, using two trucks belonging to Neeley Construction (later transferred to Neeley Western) and a grader belonging to Neeley, Inc. An officer of MIBA testified that the work was done by Neeley Construction.

Interwest Service & Supply Co., the grantee in the deed, was incorporated on February 27, 1981, by Robert Neeley (who was designated president), Ann Neeley, and Richard Neeley. Originally, Dennis Neeley had planned to become a stockholder in Interwest Service in exchange for the use of his trucks, but later he decided against this and therefore took no stock interest in this corporation. Dennis Neeley claimed that Robert Neeley paid him $3,000 for the use of his trucks, but the court was not obliged to believe that testimony, especially since the payment was, by Dennis Neeley's admission, only a "credit" allowed him for rock that Dennis wanted for use in another construction job. Dennis Neeley's testimony could also have been discounted

because he denied having any communications with MIBA about the property after the November 29, 1979 contract and payment. However, when the letter agreement of December 29, 1980, was introduced in evidence along with testimony that Dennis Neeley had negotiated and typed it personally, he admitted to his signature but otherwise had no explanation for his earlier denial and claim that the entire renegotiation was conducted by Robert Neeley. In addition, uncontradicted evidence showed that the vendor, MIBA, treated the Neeley corporations and Interwest Service as the same purchaser. MIBA's secretary-treasurer testified that he understood "they're the same principal."

Thus, in summary and in sequence, Neeley Construction entered the contract, made the down payment, and negotiated a letter agreement for services to pay the balance due; Robert Neeley performed the work with Neeley Construction trucks; plaintiff took a judgment against Neeley Construction, which was then (or shortly thereafter) insolvent; and, finally, the deed was made to Interwest Services, which was not a party to the contract and was not even incorporated until after the work was done. On these facts, we cannot say that the evidence clearly preponderated against the district court's apparent finding that the Neeleys and their corporations combined to work a fraud upon the plaintiff judgment creditor by having the entire consideration paid by Neeley Construction (the judgment debtor) but having the property conveyed to Interwest Service.

There was no finding on the specific type of fraud perpetrated here, such as the fact that Neeley Construction intended to defraud its creditors by this arrangement or that it was insolvent at the time of its transfers. While there was an evidentiary basis for such a finding and this Court can make its own findings in an equity case, we normally refrain from doing so.

Here, there is an alternate basis for decision, which we apply pursuant to our rule that we will affirm a trial court's decision whenever we can do so on a proper ground, even though it was not the ground on which the trial court relied in its ruling. *Peterson v. Peterson*, Utah, 645 P.2d 37, 39 (1982); *Foss Lewis & Sons Construction Co. v. General Insurance Co. of America*, 30 Utah 2d 290, 517 P.2d 539 (1973). The facts in this case clearly establish a purchase money resulting trust in favor of Neeley Construction. As a result, Interwest Service holds on trust for Neeley Construction, whose creditors can levy on the subject property. The district court decreed that relief, which we affirm on the basis described. Costs to respondent.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.