380 P.2d 172

Edna STUCKEY, Plaintiff-Appellee,

v.

FURR FOOD CAFETERIA, Employer, and Employers National Insurance Company, Inc., Insurer, Defendants-Appellants.

No. 7156.

Supreme Court of New Mexico.

March 29, 1963.

Neal & Neal, Hobbs, for appellants.

Williams, Johnson & Houston, Hobbs, for appellee.

NOBLE, Justice.

This appeal results from a workmen's compensation award for permanent partial disability resulting from an accidental injury occurring May 12, 1960, and a finding that the causal connection between the accident and the disability was established by expert medical testimony as a medical probability.

The precise construction of Ch. 67, § 7, Laws 1959 (§ 59–10–13.3, N.M.S.A., 1953) contended for in this case was not directly passed upon in either Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824, or Yates v. Matthews, N.M., 379 P.2d 441. It was there held that the 1959 statute requires the workman to establish a causal connection between the accidental injury. and the claimed disability as a medical probability by expert medical testimony, if it be denied that the disability is a natural and direct result of the accident.

Appellants now contend that, in addition, the statute requires that medical evidence establish a direct and natural causal relationship between the accidental injury and the claimed disability. They assert that there is no substantial support in the evidence that the claimed disability in this case was the natural and direct result of the accidental injury.

Section 59–10–13.3, supra, so far as pertinent, reads:

"A. Claims for workmen's compensation shall be allowed only:

\*　　\*　　\*　　\*　　\*　　\*

"(3) when the disability is a natural and direct result of the accident.

"B. In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony \* \* \*."

The manner in which the requirement of (3), that the disability be a natural and direct result of the accident, be established is clearly provided by subsection B. The words "natural and direct," as used in the statute, signify an understandable and reasonable proximity of cause and effect as distinguished from remote and doubtful consequences resulting from a given occurrence. It is not necessary that the exact words of the statute be used by a witness. If a disability is established by expert medical testimony to be the result of an accidental injury, as a medical probability, as opposed to a medical possibility, the requirements of the statute have been satisfied.

While it is true that the testimony of the medical experts, presented by the opposing parties in this case, is conflicting as to the causal connection between the accidental injury and the claimed disability, the trial court found that the causal connection between claimant's disability and the accidental injury was established by expert medical testimony as a medical probability.

It is within the province of the trier of the facts to resolve conflicts in the evidence, Yates v. Matthews, supra; Los Alamos Medical Center v. Coe, 58 N.M. 686, 275 P.2d 175, 50 A.L.R.2d 1033, and to determine the weight to be given to the evidence and the credibility of witnesses. Rice v. First Nat. Bank in Albuquerque, 50 N.M. 99, 171 P.2d 318; Allsup v. Space, 69 N.M. 353, 367 P.2d 531; Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918. It is manifest to us from an examination of the record that the trial court's findings are substantially supported by the evidence.

Claimant is awarded $750.00 for her attorney fees on this appeal.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.