421 P.2d 435

**Lynn WESTON, Plaintiff-Appellant,**

**v.**

**CARPER DRILLING COMPANY and American Employer's Insurance Company, Defendants-Appellees.**

**No. 7909.**

Supreme Court of New Mexico.

Nov. 7, 1966.

Rehearing Denied Jan. 3, 1967.

William J. Heck, Hobbs, for appellant.

Girand, Cowan & Reese, Hobbs, for appellees.

## OPINION

NOBLE, Justice.

Lynn Weston has appealed from a judgment dismissing his claim for workmen's compensation benefits.

The trial court's finding no. 10, that the claimant failed to prove any disability as a result of the accidental injury, is challenged as lacking substantial support in the evidence.

Section 59–10–13.3(B), N.M.S.A.1953 (§ 7, ch. 67, Laws 1959), reads:

"In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists."

We construed the provision in Yates v. Matthews, 71 N.M. 451, 379 P.2d 441, saying:

"The language of the statute is clear and unambiguous in its requirement that medical testimony be produced to establish causal connection between an accident and disability. * * * In other words, where causal connection is denied by an employer, in order to prevail, it is now encumbent upon a claimant to present one or more qualified medical experts to testify that in his or their opinion there is a causal connection as a medical probability as opposed to possibility."

We have consistently so interpreted the statute. Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824; Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885; Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568; Brundage v. K. L. House Constr. Co., 74 N.M. 613, 396 P.2d 731.

The term "natural and direct" as used in the statute was interpreted in Stuckey v. Furr Food Cafeteria, 72 N.M. 15, 380 P.2d 172, to signify "an understandable and reasonable proximity of cause and effect as distinguished from remote and

doubtful consequences resulting from a given occurrence."

The pleadings in this case put in issue the question of causal connection between the asserted disability and the accident, and upon authority of our decisions supra, there may be no recovery unless such causal connection is established by the opinion of a medical expert as a medical probability.

We have carefully reviewed the record in this case and find no such medical opinion, nor has any been called to our attention. The medical testimony asserted by the claimant to satisfy this statutory requirement concerns only an opinion as to the claimant's then ability to perform heavy labor. Such testimony does not, however, establish the causal connection between the disability and the accident. Claimant's failure to produce such evidence supports the challenged finding and the conclusion that the claimant failed to prove a compensable injury arising out of his employment.

Our disposition of this point makes it unnecessary to discuss other questions briefed and argued.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, J., and JOE W. WOOD, J., Court of Appeals, concur.