473 P.2d 369

Jennie BERTELLE, Plaintiff-Appellant,

v.

CITY OF GALLUP and Mountain States Mutual Casualty Company, Defendants-Appellees.

No. 492.

Court of Appeals of New Mexico.

July 24, 1970.

John E. Perry, Gallup, for plaintiff-appellant.

James A. Parker, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for defendants-appellees.

## OPINION

OMAN, Judge.

Plaintiff brought suit under the New Mexico Workmen's Compensation Act for the death of her husband. She is now before us on appeal from a summary judgment entered by the district court in favor of defendants. We affirm.

■ The death occurred on March 7, 1969, as the result of a myocardial infarction. Plaintiff's contention was that this infarction was caused or precipitated by work performed by decedent on March 1, 1969, in the course of his employment by the City of Gallup. Defendants denied the death was the natural and direct result of an accidental injury arising out of and in the course of decedent's employment. Thus, the burden was on plaintiff to prove the infarction and consequent death were direct results of decedent's employment on March 1, and she was required to establish this causal connection as a medical probability by expert medical testimony. Section 59–10–13.3(B), N.M.S.A. 1953 (Repl. 9, pt. 1), Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1968); Weston v. Carper Drilling Company, 77 N.M. 220, 421 P.2d 435 (1966); Torres v. Kennecott Copper Corporation, 76 N.M. 623, 417 P.2d 435 (1966); Yates v. Matthews, 71 N.M. 451, 379 P.2d 441 (1963); Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824 (1962); Lyon v. Catron County Commissioners, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969).

■ Although the medical testimony need not be in the exact language of the statute [§ 59–10–13.3(B), supra], the medical opinion as to the requisite causal connection must be in language " * * * the sense of which reasonably connotes precisely what the statute categorically requires. * * * " Gammon v. Ebasco Corporation, 74 N.M. 789, 399 P.2d 279 (1965); Lyon v. Catron County Commissioners, supra.

Defendants' motion for summary judgment was predicated upon the pleadings, which were not verified, and the depositions of plaintiff, her son, and the treating medical doctor, who had been decedent's doctor since 1965, when decedent also suffered a myocardial infarction.

Plaintiff argues that the doctor " * * * testified one way on direct examination and differently on cross-examination and it cannot be said on reading his entire testimony that it established the impossibility as a matter of law of showing this causal connection."

Plaintiff had been told by decedent the general nature of the work he had performed on March 1, and of the fact that

he had strained himself in the performance of this work. She related this information to the doctor, as well as describing for him her observations of decedent's activities and condition between March 1 and March 4, when decedent consulted the doctor.

Upon the basis of this information furnished the doctor by plaintiff, his knowledge of decedent's health and work history, and his examinations, observations and treatment of decedent between March 4 and March 7, the doctor gave his opinion, upon direct examination, that there was no causal connection as a medical probability between the myocardial infarction which caused the death and decedent's activities on March 1, 1967. The doctor did testify that these activities could possibly have contributed to the subsequent infarction, but he would go no farther in his opinion concerning any causal connection between decedent's activities, and the strain he suffered as a result thereof, and the death on March 7.

On cross-examination the doctor was asked some questions as to the relative likelihood of a causal connection between an infarction and physical inactivity as opposed to the causal connection between an infarction and rather strenuous physical activity, such as decedent performed on March 1. The doctor gave it as his opinion that an infarction would more likely result from exertion than from sleeping or slight physical activity. However, this falls far short of raising a genuine issue of fact on the causal connection as a medical probability between the infarction and decedent's work activities, or the strain he sustained in the performance thereof. This opinion of the doctor expressed on cross-examination was at most consistent with his prior testimony of a possible causal connection between the work activities, the infarction and resulting death. Our statute expressly provides that "* * * [n]o award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists." Section 59–10–13.3(B), supra.

We disagree with plaintiff's assertion that the doctor testified differently on cross-examination. There is no inconsistency in this testimony. In the light of the questions asked of him on cross-examination, any directly responsive answers thereto by him would not have been inconsistent with his prior testimony given on direct examination.

 As to plaintiff's argument that the doctor's testimony did not establish the impossibility as a matter of law of showing a causal relationship as a medical probability, we answer that it was not the burden of the movants to show there was no possibility of securing medical opinion evidence to the effect that there existed the probable causal connection required by our statute.

 The burden was on the defendants as movants to show by creditable evidence that there was no genuine issue of fact, and that they were entitled to judgment as a matter of law. This they did. Once they had made a prima facie showing to this effect, the plaintiff, as the opposing party, then had the burden of producing sufficient evidence to the contrary to show that defendants were not entitled as a matter of law to judgment, and that a genuine issue of fact did exist which would justify a trial thereon. Cessna Finance Corp. v. Mesilla Valley Flying Serv., 81 N.M. 10, 462 P.2d 144 (1969); Burden v. Colonial Homes, Inc., 79 N.M. 170, 441 P.2d 210 (1968); Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964); Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531 (1958); Rekart v. Safeway Stores, Inc., 81 N.M. 491, 468 P.2d 892 (Ct.App.1970); Taylor v. Alston, 79 N.M. 643, 447 P.2d 523 (Ct.App.1968). Plaintiff failed to meet this burden.

The summary judgment should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.