839 P.2d 151

**Donna McKinney WILSON, as the dependent surviving widow of Roger D. Wilson, Deceased, Claimant–Appellant,**

v.

**YELLOW FREIGHT SYSTEMS, a self-insured, Respondent–Appellee.**

**No. 13516.**

Court of Appeals of New Mexico.

Aug. 20, 1992.

Brian K. Branch, The Branch Law Firm, Albuquerque, for claimant-appellant.

Robert Bruce Collins, Albuquerque, for respondent-appellee.

## OPINION

DONNELLY, Judge.

Decedent's surviving spouse (Appellant) appeals from an order dismissing her workers' compensation claim for death benefits. Two issues are presented on appeal: (1) whether the workers' compensation judge (WCJ) erred in refusing to find that stress related to Decedent's employment was a contributing factor to the heart attack sustained by Decedent on October 9, 1989; and (2) whether the WCJ erred in denying death benefits notwithstanding the existence of evidence indicating that Decedent might have survived his heart attack if he had obtained appropriate medical care instead of reporting for work. For the reasons discussed herein, we affirm.

FACTS

Decedent was employed as a long-distance truck driver for Yellow Freight Systems (Employer). On October 9, 1989, he was scheduled to drive a truck from Flagstaff, Arizona, to Albuquerque departing at approximately midnight. Prior to the time Decedent was scheduled to depart on his route, he informed Appellant that he was not feeling well and believed he was suffering from a severe case of indigestion. Appellant urged Decedent to seek immediate medical attention. Decedent refused to do so but told Appellant if he was not feeling better he would seek medical attention after he arrived in Albuquerque. He informed Appellant that he was worried about being reprimanded or the possible loss of his job if he failed to drive his scheduled route.

Decedent left Employer's Flagstaff terminal at about midnight on October 9, 1989. Thereafter, at approximately 3:30 a.m., the truck Decedent was driving veered off the highway outside of Gallup and came to a rest near an on-ramp. Decedent was found dead inside the truck cab.

It is undisputed that Decedent's death was due to a heart attack. Dr. Patricia McFeeley, a pathologist, after performing an autopsy on Decedent, found that there was no evidence of external injury. Her examination revealed that Decedent had suffered from preexisting atherosclerotic coronary vascular disease, which caused a substantial occlusion of his left anterior artery, and that he had suffered a recent infarction of the left ventrical wall from one to three days prior to his death.

Dr. Paul Cochran, a cardiologist, testified that in his opinion Decedent's age (52), chronic cigarette smoking, and high blood

pressure were contributing causes to Decedent's heart attack. He also stated that in his opinion job-related stress was an additional contributing factor which combined with other factors to cause the onset of Decedent's heart attack. Dr. Cochran further testified that Decedent was suffering from a heart attack prior to the time he reported for work and that "the heart attack that he had sustained, which I think was the cause of his death, probably occurred at least 24 hours, if not 72 hours, before he died...." He stated that the immediate cause of Decedent's death, in his opinion, was the fact that Decedent failed to obtain medical attention during the time of his ongoing heart attack.

Appellant also presented evidence indicating that approximately five months prior to Decedent's death, on May 4, 1989, while he was driving a truck for Employer, he struck and killed a pedestrian on Interstate 40, west of Albuquerque, and that after the May 4 accident, Decedent became very distraught and depressed. Dr. Cochran testified that, in his opinion, job-related stress, including Decedent's worry and concern over the events of his prior accident, was a contributing factor which precipitated Decedent's heart attack and which caused his death on October 9, 1989.

Employer presented expert medical evidence contradictory to that relied upon by Appellant. Dr. Neal Shadoff, a cardiologist, testified that after reviewing Decedent's medical records, the autopsy report, Appellant's deposition, and other records, in his opinion, Decedent suffered from preexisting "coronary disease involving one artery and that a superimposed blood clot was what really led to his myocardial infarction." He also stated that the onset of Decedent's heart attack had begun one to three days prior to the time of his death, that there was no causal relationship between his employment and his heart attack, and that in his opinion Decedent's heart attack was not "a natural and direct result of [his] driving a truck."

DISCUSSION

Appellant asserts that the WCJ erred in finding that the heart attack sustained by Decedent and which resulted in his death was not contributed to by emotional or physical stress related to his work. Incident to this challenge to the WCJ's order dismissing her claim for death benefits, Appellant also attacks the WCJ's findings determining that the accident sustained by Decedent "did not arise out of his employment with Employer," and that the "accident ... was not in the course of [Decedent's] employment with Employer." Appellant asserts that there was not substantial evidence to support these findings, thus mandating reversal.

The gravamen of Appellant's appeal focuses upon testimony of Dr. Cochran indicating that, in his opinion, although Decedent's heart attack was caused in part by a number of factors, one of the causes was job-related stress. Appellant reasons that since Decedent died while performing his job, the findings and conclusions of the WCJ determining that Decedent's accident did not arise out of or occur in the course of his employment with his Employer were contrary to law and not supported by substantial evidence.

There is no dispute that Decedent died from a myocardial infarction. Although we agree with Appellant that the evidence clearly reflects that Decedent's death occurred during the course and scope of his employment, the pivotal question is whether Decedent's work and job activities combined to cause the accident which led to his death. The opinion testimony of the medical experts is conflicting as to this issue.

Employer denied that Decedent's death was a natural and direct result of a compensable injury. Therefore, Appellant was required to establish by competent medical evidence that his death was caused or precipitated by an accidental injury from strain or exertion arising out of and in the course of Decedent's employment. *See* NMSA 1978, § 52–1–28 (Repl.Pamp.1991); *see also Oliver v. City of Albuquerque,* 106 N.M. 350, 742 P.2d 1055 (1987); *Little v. J. Korber & Co.,* 71 N.M. 294, 378 P.2d 119 (1963); *Turner v. New Mexico State Highway Dep't,* 98 N.M. 256, 648 P.2d 8 (Ct.App.1982); *Bufalino v. Safeway*

*Stores, Inc.,* 98 N.M. 560, 650 P.2d 844 (Ct.App.1982); *Bertelle v. City of Gallup,* 81 N.M. 755, 473 P.2d 369 (Ct.App.1970); *cf. Shadbolt v. Schneider, Inc.,* 103 N.M. 544, 710 P.2d 738 (Ct.App.) (worker entitled to compensation benefits for disability resulting from stroke shown to be causally related to his work), *rev'd in part on other grounds,* 103 N.M. 467, 709 P.2d 189 (1985).

Section 52–1–28 of the Workers' Compensation Act requires that, in order for a claim to be compensable, the injury precipitating such claim must be "accidental." Since a heart attack may occur as the result of an individual's progressive, ongoing atherosclerosis, a claimant is required to present evidence that the episode was caused or precipitated by some accidental means apart from the predisposition of the worker to the disease itself. § 52–1–28(A)(1). To be compensable, a worker's accident need not be the sole cause of his disability or death, a worker need only show that it was a contributing cause. *See Oliver v. City of Albuquerque.*

Whether Decedent sustained an accidental injury arising out of and in the course of his employment is a question of fact for determination by the WCJ. *See Adams v. Loffland Bros. Drilling Co.,* 82 N.M. 72, 475 P.2d 466 (Ct.App.1970). Similarly, the issue of causation is a factual question to be determined by the fact finder below. *Pena v. New Mexico Highway Dep't,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983). As shown by the record herein, the evidence presented by Appellant and Employer as to whether a causal connection existed between Decedent's heart attack and his employment was contradictory. Dr. Cochran testified that job-related stress contributed to Decedent's myocardial infarction which, in turn, directly and proximately caused his death.

Contrasted with this testimony, Dr. Shadoff disputed the accuracy of Dr. Cochran's opinion and testified that in his opinion there was no causal relationship between Decedent's employment as a truck driver, his heart attack, and his ultimate death. In response to a question propounded by Employer's counsel concerning whether Decedent's heart attack was caused by his driving a truck for Employer, Dr. Shadoff testified:

> My opinion is that there's absolutely no relationship of his driving the truck to his having a myocardial infarction which subsequently caused his death. He clearly was having a myocardial infarction that started before he was driving the truck that day, and there is nothing that would say, short of him being in a hospital, that being in the truck versus being in a restaurant, versus being at home, versus sitting in [a] chair, that [his] death couldn't have occurred at that time.

On appeal from a decision of the WCJ, we review the findings adopted below under the whole record standard of review. *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). In performing this function, this court views the evidence in the light most favorable to the agency decision, but does not view favorable evidence with a total disregard of any contravening evidence. *Herman v. Miners' Hosp.,* 111 N.M. 550, 807 P.2d 734 (1991).

As observed by Justice Baca in *Herman,* although whole record review allows a reviewing court greater latitude to determine whether a finding of fact was reasonable based upon the evidence, it "is not an excuse for an appellate court to reweigh the evidence and replace the fact finder's conclusions with its own." *Id.,* 111 N.M. at 553, 807 P.2d at 737. The court in *Herman* reaffirmed the rule discussed in *Bufalino* that where conflicting expert medical testimony is presented as to whether a causal connection exists between a worker's heart attack and work-related factors, a reviewing court will generally defer to the findings of the court below. *Herman v. Miners' Hosp.,* 111 N.M. at 552–53, 807 P.2d at 736–37; *Bufalino v. Safeway Stores, Inc.,* 98 N.M. at 565, 650 P.2d at 849.

Applying the above standard of review to the record before us, we conclude that the evidence, although conflicting, is sufficient to sustain the findings and con-

clusions of the WCJ determining that Decedent's accident did not arise out of his employment.

As shown by the evidence, for some time prior to his death on October 9, 1989, Decedent suffered from preexisting atherosclerotic heart disease. As indicated by the testimony of Drs. McFeeley, Cochran, and Shadoff, prior to reporting for work on the morning in question, Decedent suffered the onset of a myocardial infarction. Appellant presented testimony indicating that had Decedent sought medical attention prior to departing from Employer's Flagstaff terminal, there was a good likelihood he would have survived and that any resulting disability would have been limited. Other evidence presented by Employer indicated that, once Decedent suffered the heart attack, it was essential that he obtain prompt medical care.

Does the fact that Decedent died driving a truck during work hours compel a finding that his heart attack and subsequent death was caused in part by the rigors or stress of his employment? In the face of contradictory evidence we will not set aside the decision of the WCJ where such decision is buttressed by competent medical testimony and the evidence which the fact finder relied upon meets the test of whole record review. *See Herman v. Miners' Hosp.; cf. Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985) (reviewing court cannot reweigh evidence, determine credibility, or reconcile inconsistent testimony where there is evidence in the record which will support findings of trial court).

Appellant also argues that there was no substantial evidence to support the WCJ's finding that Decedent's heart attack was not contributed to by emotional or physical stress related to his employment. Appellant asserts that there was evidence in the record indicating that Employer had strict attendance policies for its employees. She argues that Decedent's concern over the possible loss of his job or imposition of sanctions by Employer prompted him to ignore his symptoms and report to work instead of seeking medical attention. These contentions also involve disputed factual issues concerning causation. *See Pena v. New Mexico Highway Dep't* (issue of causation is one of fact generally determined by medical testimony).

Employer presented testimony of Decedent's supervisor indicating that Decedent was a "bid" driver who drove a regular route and the work was "not very stressful." Appellant submitted proposed findings of fact supporting her claim that Decedent was subject to stress which in part precipitated his heart attack. Her requested findings of fact on these issues were rejected by the WCJ. Denial of these findings constitutes a determination by the WCJ that Appellant failed to carry her burden of proof on these issues. *See Worthey v. Sedillo Title Guar., Inc.,* 85 N.M. 339, 512 P.2d 667 (1973) (failure of trial court to make a finding on a material issue of fact ordinarily is regarded on appeal as a finding against party who had burden of proof on that issue); *see also Kimberly, Inc. v. Hays,* 88 N.M. 140, 537 P.2d 1402 (1975) (facts found by fact finder, including those negated by rejection, bind reviewing court on appeal).

While we agree with Appellant that Decedent's death occurred during work hours and thus occurred in the "course of" his employment, nevertheless, expert medical testimony supported the WCJ's finding that the accident which caused Decedent's death "did not arise out of his employment." *See Gutierrez v. Artesia Pub. Sch.,* 92 N.M. 112, 583 P.2d 476 (Ct.App. 1978) ("course of employment" refers to time, place, and circumstances under which the injury occurred, while requirement that the accident "arise out of" relates to the cause of the injury; both requirements must coexist). The fact that Decedent died while at work is insufficient, without other evidence, to establish a compensable accidental injury. *See id.* Similarly, where the evidence bearing upon the issue of causation is conflicting, the fact that there was

evidence which, if accepted by the fact finder, would have permitted it to reach a different result does not constitute a basis for reversal. *Seven Rivers Farm, Inc. v. Reynolds,* 84 N.M. 789, 508 P.2d 1276 (1973); *Roybal v. Morris,* 100 N.M. 305, 669 P.2d 1100 (Ct.App.1983). The evidence, although conflicting, supports the facts found by the WCJ.

CONCLUSION

The WCJ's order denying compensation is affirmed.

IT IS SO ORDERED.

MINZNER and FLORES, JJ., concur.