This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LOUIE SANCHEZ,**

Worker-Appellant,

**v.**                                                                                          **No. 35,068**

**LOS LUNAS PUBLIC SCHOOLS**
**and CCMSI,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Michael J. Doyle
Los Lunas, NM

for Appellant

Camp Law, LLC
Minerva Camp
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Worker has appealed from a compensation order. We previously issued a notice of proposed summary disposition in which we proposed to uphold the decision of the workers' compensation judge (WCJ). Worker has filed a memorandum in opposition, and Employer/Insurer has filed a memorandum in support, which we have duly considered. Because we remain unpersuaded that reversible error occurred, we affirm.

{2} Worker raised four issues in his docketing statement, [DS 10, 13, 16, 17] three of which he renews in his memorandum in opposition. [MIO 1, 9, 10] We will avoid unnecessary repetition of the background and principles previously set forth in the notice of proposed summary disposition, and instead, focus on the substantive content of the memorandum in opposition.

{3} First and foremost, Worker asserts that the WCJ erred in declining to assign an impairment rating [MIO 1-8], notwithstanding Worker's failure to present competent medical evidence in support thereof. [CN 2; RP 157 (¶ 30)] In reliance upon cases decided under a previous version of the Workers' Compensation Act and more recent authority addressing residual capacity, Worker continues to argue that the WCJ should have applied the AMA Guides himself and should have assigned an impairment rating in the absence of expert medical testimony. [DS 10; MIO 1-3] However, as we observed in the notice of proposed summary disposition, Worker's argument runs afoul of controlling precedent. In *Yeager v. St. Vincent Hospital*, 1999-NMCA-020,

126 N.M. 598, 973 P.2d 850, this Court rejected the argument advanced by the worker that a WCJ could assign an impairment rating in the absence of medical testimony on the percentage of impairment based on the WCJ's own comparison of the clinical findings to the AMA Guides. *Id.* ¶ 14.

{4}     In his memorandum in opposition, Worker observes that *Yeager* involved the need for a specialist and further notes that *Yeager* did not foreclose any possibility that a WCJ might properly assign an impairment rating in a proper case. [MIO 5] Be that as it may, nothing in *Yeager* or any other authority of which we are aware *requires* a WCJ to undertake to assign an impairment rating in the absence of medical testimony. Moreover, Worker's arguments ignore the ensuing discussion, where the Court explained that "in cases that require some medical judgment in order to determine the degree of impairment, the WCJ may not determine the worker's impairment rating without a medical expert opinion." *Id.* ¶ 17. The findings in this case  reflect that "some medical judgment" was required, *see id.*, which the WCJ lacked. [RP 158 (¶ 31)] Under the circumstances, the WCJ properly declined to assign an impairment rating in the absence of expert medical opinion.

{5}     We understand Worker to suggest that *Yeager* and other authorities addressing the use of the AMA Guides to assign impairment ratings, including *Madrid v. St. Joseph Hospital*, 1996-NMSC-064, 122 N.M. 524, 928 P.2d 250, should be

reconsidered. [MIO 5-8] However, we are in no position to second-guess decisions rendered by the New Mexico Supreme Court, and we decline the invitation to limit, abrogate, or attempt to limit *Yeager. See generally State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶¶ 20, 24, 135 N.M. 375, 89 P.3d 47 (observing that the Court of Appeals is bound by Supreme Court precedent, and reiterating the importance of stare decisis, in light of which a compelling reason is required to overrule precedent).

{6} By his second issue, Worker asserts that the testimony of a doctor who performed an independent medical examination (IME), Dr. Auerbach, should have been excluded. [MIO 9] We previously invited the parties to supply clarity on the question of mutual agreement. [CN 5] Employer/Insurer's response ambiguously indicates that Worker's primary healthcare provider opined "that the adjuster's request for an IME was reasonable" and that "he made the referral." [MIS 2] It is unclear whether the pronoun refers to the adjuster or the doctor, and Employer/Insurer fails to mention whether the referral was made to Dr. Auerbach specifically. Worker's memorandum in opposition is far more clear. It unequivocally reflects that Worker's healthcare provider did not make the referral to Dr. Auerbach, and Worker did not specifically agree to the selection of Dr. Auerbach for the purpose of conducting the IME. [MIO 9] In light of this clarification, it seems apparent that the IME was

4

unauthorized, and as such, Dr. Auerbach's testimony and records should have been excluded. *See Brashar v. Regents of Univ. of Cal.*, 2014-NMCA-068, ¶¶ 15-16, 327 P.3d 1124 (holding that, in the absence of an appointment of an IME doctor by the WCJ, the parties must mutually agree to the selection of a particular IME specifically; a unilateral decision cannot be made by either party).

{7}     Although we acknowledge the foregoing evidentiary error, the error was harmless. As we observed in the notice of proposed summary disposition, Dr. Auerbach's opinions principally bore upon the question of impairment under the AMA Guides. [RP 158 (¶ 33)] Although her opinion that Worker had no impairment provided general support for the WCJ's ultimate determination, regardless of that testimony, Worker's own failure to satisfy his burden of proof was fatal to his claim for permanent partial disability (PPD) benefits.  *See Jurado v. Levi Strauss & Co.*, 1995-NMCA-129, ¶¶ 11, 13, 120 N.M. 801, 907 P.2d 205 (observing that a worker seeking PPD benefits must establish an impairment rating).

{8}     In his memorandum in opposition, Worker observes that Dr. Auerbach's testimony was not limited to the question of impairment; her records also bore upon the question of causation. [MIO 10] This brings us to Worker's third issue on appeal, by which he continues to assert that, absent Dr. Auerbach's records, the evidence

5

should be regarded as insufficient to support the WCJ's decision on causation. [MIO 10]

**{9}** We perceive no merit to the argument. On the subject of causation, the WCJ's findings reflect that Worker *did* suffer non-specific low back pain as a natural and direct result of the accident. [RP 156 (¶ 20)] In light of this determination, Worker was awarded temporary total disability (TTD) benefits. [RP 157 (¶ 28)] Worker does not take issue with the assigned maximum medical improvement (MMI) date, and he appears to have been awarded TTD benefits in excess of his request. [RP 145 (¶ 33), 157-58 (¶¶ 28-29, 34)] The only other matter upon which causation would appear to bear is the question of entitlement to PPD benefits [RP 1-2, 157-58 (¶¶ 30, 37)], and as previously stated, Worker's failure or inability to establish impairment foreclosed that claim. Under the circumstances, the alleged error is harmless.

**{10}** In any event, as we noted in the notice of proposed summary disposition, with respect to the scope of the injury caused by the workplace accident the WCJ did not rely exclusively upon Dr. Auerbach's records. [RP 156, 158] Worker does not dispute that Dr. Castillo's evaluation was properly admitted, and he acknowledges that the evaluation supports the WCJ's decision. [MIO 10] Although we understand Worker to suggest that Dr. Castillo's evaluation and the opinions contained therein were too "limited" to overcome medical records tending to support the existence of a casual

relationship between Worker's medical condition and the workplace accident [MIO 10], we decline to second-guess the WCJ's assessment. *See generally Villa v. City of Las Cruces*, 2010-NMCA-099, ¶ 29, 148 N.M. 668, 241 P.3d 1108 ("We give deference to a WCJ's findings in regard to conflicting evidence of causation."); *Levario v. Ysidro Villareal Labor Agency*, 1995-NMCA-133, ¶ 21, 120 N.M. 734, 906 P.2d 266 ("Generally, when there is conflicting medical testimony concerning causation, the reviewing court will defer to the finder of fact."); *Wilson v. Yellow Freight Sys.*, 1992-NMCA-093, ¶ 22, 114 N.M. 407, 839 P.2d 151 ("[W]here the evidence bearing upon the issue of causation is conflicting, the fact that there was evidence which, if accepted by the fact[-]finder, would have permitted it to reach a different result does not constitute a basis for reversal.").

{11}     Accordingly, for the reasons stated in this Opinion and in the notice of proposed summary disposition, we affirm.

{12}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

7

_____

**M. MONICA ZAMORA, Judge**